PORT ACRES SPORTSMAN'S CLUB, Appellant,

v.

Kenneth MANN et al., Appellees.

No. 7849.

Court of Civil Appeals of Texas, Beaumont.

July 29, 1976.

Rehearing Denied Aug. 19, 1976.

**848**

Anthony G. Brocato, Beaumont, for appellant.

Clinton W. Lewis, R. N. Evans, Beaumont, for appellees.

KEITH, Justice.

This injunction suit involves the right of the public generally to fish upon waters which now cover lands to which the other party has fee simple title to the surface estate. Shallow waters which are now prongs of Big Hill Bayou lie upon a portion of plaintiff's land known as T. & N. O. RR Co. Survey No. 295 in Jefferson County. Defendants entered upon these waters and fished there, contending that they had, and have, a right to do so. Plaintiff brought this suit to enjoin such entry and interference with its exclusive use of the water upon its property. Defendants filed a cross-action to enjoin the interference with their use of the waters and to enjoin the further maintenance of a fence across the waters, contending that Big Hill Bayou, as it now exists over plaintiff's land, is navigable in fact and navigable under Tex.Rev. Civ.Stat.Ann. art. 5302 (1962).

Trial was to the Court and judgment was entered denying plaintiff (our appellant) all relief and, while granting defendants (appellees) some of the relief they sought, did not afford them the complete recovery they set forth in their pleadings. Extensive findings of fact and conclusions of law were filed.

### PART I

We have examined very carefully the voluminous record made in the trial court and conclude that extensive quotations from the record would add little to the

opinion. It is sufficient to state at this point that each of the findings of fact filed by the trial court is supported by evidence of a substantial and probative character. Consequently, such findings are controlling upon this appeal and will not be disturbed. *Commercial Union Assurance Company v. Foster*, 379 S.W.2d 320, 322 (Tex.1964).

The trial court found as a fact, inter alia:

[5] "As of the time this case was filed, and for many years prior thereto, Big Hill Bayou retains, and has retained, an average width of thirty feet or more its entire length and is a navigable stream within the meaning of Article 5302, of the Texas Civil Statutes."

[6] "In 1875, at the time of the Patent to Section 295, Big Hill Bayou was not a navigable stream within the confines of Section 295, within the meaning of Article 5302, Texas Civil Statutes, nor was it a navigable stream in fact."

The trial court concluded that plaintiff was not entitled to the injunction which would have restrained defendants from using Big Hill Bayou in Sections 295 or 296; that defendants were entitled to an injunction to prevent plaintiff from maintaining a fence across the bayou and from preventing defendants and other members of the general public the right of free passage all along Big Hill Bayou into and through Sections 295 and 296.

■ In its first point of error, plaintiff contends that since such waters were not navigable at the time the title to the underlying land issued from the State, their later becoming navigable could not deprive plaintiff of its title to the underlying land and the exclusive right to fish on the waters thereon. We agree with the first prong of the argument: plaintiff did not lose title to the land underlying the newly formed watercourse; but, we disagree with the second assertion: plaintiff does not have the exclusive right to fish on the waters of the bayou. Since this is dispositive of the litigation, we now give our reasons for so holding.

The trial court has found, upon competent evidence, that Big Hill Bayou, as it now exists upon Section 295, is a navigable stream under the provisions of Tex.Rev.Civ. Stat.Ann. art. 5302, quoted in the margin.[1] However, since Section 295 was not covered by the waters of a navigable stream when patented, the title to the land has not been changed by its being submerged partially by the waters of Big Hill Bayou. *Coastal Industrial Water Auth. v. York*, 532 S.W.2d 949, 953 (Tex.1976), and the out-of-state cases therein cited; *Diversion Lake Club v. Heath*, 126 Tex. 129, 86 S.W.2d 441 (1935). See also, *Fisher v. Barber*, 21 S.W.2d 569 (Tex.Civ.App.—Beaumont 1929, no writ), and *Fitzgerald v. Boyles*, 66 S.W.2d 347 (Tex.Civ.App.—Galveston 1931, writ dism'd).

The submergence of the land in Section 295 now underlying Big Hill Bayou was caused, under our record, by the activities of men, namely the continued use of airboats through the marsh over a long period of time. This activity was participated in by members of plaintiff's organization as well as those of certain defendants. Witnesses on both sides testified to the long continued use of such boats and the effect on the floor of the marsh.

■ To this extent, the conditions found on Section 295, i. e., the creation of what is now a prong of Big Hill Bayou, is somewhat analogous to the erection of the dam in the *Heath Case* cited earlier. The waters now found in the bayou are public waters and, as said in *Heath*, supra:

"This artificial change in the river and its bed did not affect the public nature of the waters and did not take away the right of the public to use them for fishing." (86 S.W.2d at 446)

1. The pertinent part of the statute reads: "All streams so far as they retain an average width of thirty feet from the mouth up shall be considered navigable streams within the meaning hereof, and they shall not be crossed by the lines of any survey. All surveys not made upon navigable water courses shall be in a square, so far as lines previously made will permit." Section 295 and those adjacent on each side are square.

In an article by L. Davis, "Subsidence," 28 Baylor L.Rev. 319, 328 (1976), this question is discussed, the author stating:

"The only time the Texas Supreme Court has even indirectly addressed itself to the question of submergence was in *Diversion Lake Club v. Heath.* In its decision the court seemed to accept without question the proposition that the creation of a navigable man-made lake did not operate to divest the private owners of the now submerged lands of their title to those lands. The court said: 'This position is untenable, because the water of the lake, notwithstanding the fact that *most of its bed is privately owned,* is still public water.' At the very most, this statement can only be interpreted as dictum, as the question of title to the bed of Diversion Lake was not even in issue. Defendants' claim only extended to their right to fish in the lake and use its banks. But, even as dictum, these statements have been interpreted as an endorsement of the *Fisher* [*v. Barber*] decision by the supreme court." [2] (emphasis in text)

Our disposition of point one makes it unnecessary for us to discuss point two; thus, we overrule the first two points of error.

■ Next, plaintiff contends that Tex. Rev.Civ.Stat.Ann. art. 5414a (1962) [sometimes referred to as the "Small Bill" or the "Relinquishment Act"], "confirmed" plaintiff's title to Section 295 and "[p]laintiff therefore has the exclusive right to fish on the waters on such land." Noting that the statute has been found to be constitutional [*State v. Bradford,* 121 Tex. 515, 50 S.W.2d 1065 (1932)], plaintiff argues:

"Plaintiff proved and obtained findings of fact that:

"(1) There are 640 acres of land in Section 295, including the land under the waters now upon that Section;

"(2) That this is the very tract patented in 1875 by the State, to which Plain-

tiff holds title by a regular chain of transfers from the original grantee.

"Therefore, regardless of whether the waters are navigable, Plaintiff's title to the underlying land has been confirmed in Plaintiff by the Statute. Fishing rights follow title to the land under the water. *Fisher v. Barber,* supra."

We extend *Heath,* to its logical end: granting that plaintiff has title underlying Big Hill Bayou as it presently exists on and across Section 295; nevertheless, plaintiff does not have the exclusive right to fish in the waters thereof. Point three is overruled.

■ Plaintiff presents the fourth and fifth points together contending, in essence, that there was no evidence presented to support the trial court's finding that the waters now upon Section 295 constitute a stream as defined in Tex.Rev.Civ.Stat.Ann. art. 5302. In presenting this contention, plaintiff has chosen the hard road because a trial court's findings are analogous to jury findings made in response to special issues submitted in the court's charge. *Nathan v. Hudson,* 376 S.W.2d 856, 862 (Tex.Civ.App. —Dallas 1964, writ ref'd n.r.e.). We have examined the record carefully and find that there is some evidence to support the trial court's finding. The last two points of error are overruled.

■ Having reviewed all of the points of error brought forward by plaintiff in this Part I of our opinion and finding no error, the judgment of the trial court denying to plaintiff any relief is affirmed. Part II of the opinion relates to the defendants' cross-points of error complaining of the trial court's refusal to grant any relief upon their cross-action. Since we are required to pass upon such cross-points, we do so in the form of an unpublished opinion handed down in accordance with Tex.R.Civ.P. 452. We find no merit to the cross-points and each is overruled for the reasons set forth

---

**2.** The language used by Judge Smedley in *Heath,* supra, appears to have been selected with care; consequently, we consider the holdings at least as judicial dicta rather than mere

obiter. See *Thomas v. Meyer,* 168 S.W.2d 681, 684–685 (Tex.Civ.App.—San Antonio 1943, no writ), an opinion by the late Justice Norvell.

in Part II of this opinion which we order not published. Tex.R.Civ.P. 452.

AFFIRMED.

STEPHENSON, J., not participating.