Watkins v. Ft. Worth MAR-G Ltd
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-191-CV

Â Â Â Â Â FLOYD W. WATKINS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â FORT WORTH MAR-G, LTD.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # C200100446
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Floyd W. Watkins filed a declaratory judgment action to determine the validity of a lease
between his successor in interest and Fort Worth Mar-G, Ltd. The trial court granted Fort Worth
Mar-Gâs summary judgment motion, and Watkins appealed.
Â Â Â Â Â Â The parties have now filed a âJoint Motion for Dismissal of Appeal.â They state that they
have settled their dispute and request that we reverse the judgment and remand this cause to the
trial court for entry of judgment in accordance with the settlement agreement.
Â Â Â Â Â Â Rule of Appellate Procedure 42.1(a)(2) provides:
(a) The appellate court may dispose of an appeal as follows:
(2) By Agreement. In accordance with an agreement signed by the parties or
their attorneys and filed with the clerk, the court may:
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (A)render judgment effectuating the partiesâ agreement;
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (B)set aside the trial courtâs judgment without regard to the merits
and remand the case to the trial court for rendition of judgment in
accordance with the agreement; or
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (C)abate the appeal and permit proceedings in the trial court to
effectuate the agreement. 
Tex. R. App. P. 42.1(a)(2).
Â Â Â Â Â Â Although the parties have not provided a copy of their settlement agreement as contemplated
by Rule 42.1(a)(2), they have provided a copy of an agreed order for dismissal of the underlying
suit with prejudice. Accordingly, we set aside the judgment and remand this cause to the trial
court for rendition of judgment in accordance with the settlement agreement.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Judge Allen (Sitting by Assignment)



Judgment set aside and remanded
Opinion delivered and filed December 31, 2003
[CV06]



odology; (2)
asserted factual and legal conclusions; and (3) failed to describe the nature
of the object measured.[2]

   JonesÂs affidavit states
that he has been a survey technician for R.E. Wallace and the Wallace Group,
Inc.[3]
for eleven years and was assigned to measure the average width of Hog Creek
from its mouth up to a low water crossing in Coryell County approximately 2.7
miles northwest of the intersection of County Road 224 and FM Road 217.Â  His
attached report states that he personally measured the width of Hog Creek at
seven specified locations (marked on an attached map), and those measurements
ranged from 56 feet to 100 feet:Â  60, 79, 56, 70, 90, 100, and 97 feet.Â  JonesÂs
affidavit then states that the average width of Hog Creek from its mouth at Lake Waco upstream to the low water crossing in Coryell County exceeds 70 feet.

Â Â Â Â Â Â Â Â Â Â Â  We find no law mandating a
certain method for measuring a streamÂs width for the purpose of determining
its navigability under section 21.001(3) of the Natural Resources Code.Â  See
In re Adjudication of Water Rights of Upper Guadalupe Segment of Guadalupe
River Basin, Â 625 S.W.2d 353, 362-63 (Tex. Civ. App.ÂSan Antonio 1981) (ÂThe
statute provides no precise method of measurement for determining if a stream
maintains an average width of thirty feet from the mouth up.Â  We have found no
case which absolutely mandates any certain method be used.Â), affÂd, 642
S.W.2d 438 (Tex. 1982); Motl v. Boyd, 116 Tex. 182, 286 S.W. 458, 467-68
(1926) (describing a streamÂs components and measuring it).Â  We disagree with
Hix that the use of gradient boundary methodology was required in this case.Â  Cf.
Brainard v. State, 12 S.W.3d 6, 15-16 (Tex. 1999) (stating that survey marking
boundary line must comport with the gradient boundary methodology), disapproved on other grounds by Martin v.
Amerman, 133
S.W.3d 262, 267-68 (Tex. 2004).

We find that JonesÂs affidavit testimony
about the average width of Hog Creek is appropriate lay witness opinion
evidence.Â  See Tex. R. Evid.
701 (lay witness may give testimony in the form of an opinion that is
rationally based on perception of the witness and helpful to a clear
understanding of the testimony or the determination of a fact in issue).Â  It
also is clear, positive, direct, otherwise credible and consistent, and it could
have been readily controverted by Hix.Â  See Tex. R. Civ. P. 166a(c).Â  We overrule issue four.Â  Because the
Jones affidavit alone supports the trial courtÂs summary judgment, we need not
address HixÂs objections to the Robertson and Wallace affidavits.

HixÂs fifth issue complains that the
trial court erred in ruling that the specified part of Hog Creek is a statutory
navigable stream and in enjoining him from denying the Robertsons access to
that part and to the adjoining lake.Â  First, Hix is simply wrong in his
assertion that, because the survey lines in the original patent to his land
crossed Hog Creek, it was not at that time a navigable stream and cannot later
be determined by judicial action to be a navigable stream.Â  The Small Bill was
enacted precisely because survey lines in patents had incorrectly crossed
navigable streams, and it sought to rectify those errors by relinquishing title
in the streambeds while reserving the publicÂs right to the waters of navigable
streams.Â  See Tex. Rev. Civ.
Stat. Ann. art. 5414a, Â§ 2; Bradford, 50 S.W.2d at 1068-72; see
also In re Adjudication of Water Rights of Upper Guadalupe Segment of Guadalupe
River Basin, 642 S.W.2d 438, 446 (Tex. 1982) (citing Diversion Lake,
86 S.W.2d 441, and Port Acres, 541 S.W.2d 847).Â  And in Bradford, the supreme court stated that the navigability or nonnavigability of a
stream, Âin view of the very nature and importance of the matter, for obvious
reasons, . . . is a question for judicial determination.ÂÂ  Bradford,
50 S.W.2d at 1070; see, e.g., Port Acres, 541 S.W.2d at 849
(rejecting argument that waters were not navigable at time title of underlying
land was issued from State).

Because the summary judgment evidence
established that the part of Hog Creek in question averages more than 30 feet
in width from the mouth up, we hold that the trial court did not err in finding
that Hog Creek was a statutory navigable stream and in granting the RobertsonsÂ
motion for summary judgment in that respect.Â  See Diversion Lake,
86 S.W.2d at 444-46 (affirming injunctive relief in action between private club
and individuals over alleged exclusive right to fish in lake formed by dam
built on navigable stream); Port Acres, 541 S.W.2d at 849-50 (affirming
injunctive relief in action between private club and individuals over alleged
exclusive right to fish in waters formed out of navigable stream); cf.
Taylor Fishing Club v. Hammett, 88 S.W.2d 127, 128-30 (Tex. Civ. App.ÂWaco
1935, writ dismÂd, w.o.j.) (holding lake on private land was not navigable in
fact and there was no right of public use and enjoyment, as lake was not fed by
or part of a navigable stream).

The trial court correctly found that
Hog Creek is a statutory navigable stream and that the Robertsons and the
public have a right to use and enjoy its waters.Â  See Port Acres, 541 S.W.2d at 849-50.Â  It also correctly found that the Robertsons
and the public have a right to use and enjoy the waters of the lake formed by the
damming of Hog Creek.Â  See Diversion Lake, 86 S.W.2d at 442-46; see
also id. at 446 (the Âartificial change in the river and its bed did not
affect the public nature of the waters and did not take away the right of the
public to use them for fishing.Â); id. at 444 (ÂIn general it is held
that all members of the public have a common right of fishing in navigable
streams and all other public waters.Â); id. at 446 (Âthe water of the
lake, notwithstanding the fact that most of its bed is privately owned, is still
public waterÂ).

The trial courtÂs judgment, however,
incorrectly states that Hog Creek and the lake in question are a
navigable stream:Â  ÂThe Court finds that even though Hog Creek and the lake in
question is not navigable in fact, it is a navigable stream as defined by
Article 21.001, Natural Resources Code of the State of Texas, from its mouth up
to the low-water crossing in Coryell County, Texas, approximately 2.7 miles
northwest of the intersection of County Road 224 and FM Road 217.Â[4]Â 
Section 21.001(3) applies to streams only, not to lakes.Â  See Tex. Nat. Res. Code Ann. Â§ 21.001(3); Taylor
Fishing Club, 88 S.W.2d at 129.

Thus, we modify that portion of the
trial courtÂs judgment as follows:Â  ÂThough neither Hog Creek nor the lake in
question is navigable in fact, Hog Creek is a navigable stream as defined by
Article 21.001, Natural Resources Code of the State of Texas, from its mouth up
to the low-water crossing in Coryell County, Texas, approximately 2.7 miles
northwest of the intersection of County Road 224 and FM Road 217.Â

Having overruled HixÂs issues and modified
the trial courtÂs judgment, we affirm the judgment as modified.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, 

Justice Reyna 

Affirmed
as modified

Opinion
delivered and filed October 18, 2006

[CV06]









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  After oral argument, we
requested briefing by other potentially interested parties, including the
Office of the Attorney General, the Texas Water Development Board, the Texas Parks and Wildlife Department, the Texas Commission on Environmental Quality, and the
Texas General Land Office.Â  See Brown v. De La Cruz, 156 S.W.3d
560, 566 (Tex. 2004); City of San Antonio v. City of Boerne, 111 S.W.3d
22, 30 (Tex. 2003).Â  We received one amicus brief, that of the Texas Rivers Protection
Association, a Texas nonprofit corporation.





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  Because these are
alleged defects in substance, we address them even though Hix did not obtain a
written ruling from the trial court on his objections.Â  See Crow v. Rockett
Special Util. Dist., 17 S.W.3d 320, 324 (Tex. App.ÂWaco 2000, pet. denied),
disapproved on other grounds by Binur v. Jacobo, 135 S.W.3d 646, 651 & n.11 (Tex. 2004).Â  Hix also
objected that WallaceÂs assertions of Hog CreekÂs width and statutory
navigability are hearsay.Â  A hearsay objection to a summary judgment affidavit
alleges a defect in form, and a party is required to obtain a written ruling by
the trial court on defects in form.Â  See id.Â  Hix has thus not preserved
his hearsay objection for appellate review.

Â 





[3] Â Â Â Â Â Â Â Â Â Â Â Â Â  WallaceÂs
affidavit states that he is a professional engineer and a registered
professional land surveyor, and the Wallace Group does engineering and
surveying.Â  He and the Wallace Group were employed to measure Hog CreekÂs
width.Â  On their measurements, WallaceÂs affidavit reiterates JonesÂs
affidavit.Â  RobertsonÂs affidavit states that, from examination and
measurements, the average width of Hog Creek from its mouth up to and including
a low water crossing in Coryell County, which is upstream from the lake,
exceeds 60 feet.





[4] Â Â Â Â Â Â Â Â Â Â Â Â Â  Â[S]treams or lakes . .
. are navigable in fact when they are used, or are susceptible of being used,
in their natural and ordinary condition, as highways for commerce, over which
trade and travel are or may be conducted in the customary modes of trade and
travel on water; . . .ÂÂ  Taylor Fishing Club v. Hammett, 88 S.W.2d 127,
129 (Tex. Civ. App.ÂWaco 1935, writ dismÂd, w.o.j.) (quoting United States
v. Holt State Bank, 270 U.S. 49, 56, 46 S.Ct. 197, 199, 70 L.Ed. 465 (1926)).