IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00214-CV

 

William J. Hix,

                                                                                    Appellant

 v.

 

William Carroll Robertson

and Lester Eugene Robertson,

                                                                                    Appellees

 

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. 24,970

 



Opinion



 

The trial court ruled that a specified
part of Hog Creek is a statutory navigable stream and that Appellees William
and Lester Robertson and the general public are entitled to use its waters for
fishing, boating, and recreational purposes.  The trial court therefore enjoined
Appellant William Hix from interfering with the Robertsons’ access, use, and
enjoyment of the waters on Hix’s land for those purposes.  Asserting five
issues, Hix appeals.[1] 
We will affirm.

Hog Creek runs through two tracts of
land respectively owned by Hix and the Robertsons in Bosque and Coryell Counties.  In approximately 1976, a soil conservation flood-retarding dam was built
on Hix’s property by various governmental entities after Hix, the Robertsons,
and other property owners executed flood easements.  The dam on Hog Creek formed
a lake of approximately 100 acres, 90 of which are on Hix’s land and 10 of
which are on the Robertsons’ land.  Before the dam was built and the lake was
constructed, Hix’s land was enclosed by fence, including one across Hog Creek. 
After the lake was formed, Hix’s fence remained across Hog Creek and the lake.

The Robertsons sued Hix, seeking a
declaratory judgment that Hog Creek is a statutory navigable stream under the
Natural Resources Code and that, as such, Hog Creek’s waters and the lake
created by the dam are owned by the State in trust for the benefit of the
public for fishing, boating, and recreational purposes.  See Tex. Nat. Res. Code Ann. §§ 21.001(3),
21.012(b) (Vernon 2001); Diversion Lake Club v. Heath, 126 Tex. 129, 86 S.W.2d 441, 445-46 (1935).  A statutory “navigable stream” is “a stream which
retains an average width of 30 feet from the mouth up.”  Tex. Nat. Res. Code Ann. § 21.001(3).  The
Robertsons also sought an order requiring Hix to remove his fence across the
lake and enjoining him from interfering with access to the lake.

The Robertsons moved for a summary
judgment declaring that Hog Creek is a statutory navigable stream.  They filed
three affidavits asserting that the average width of Hog Creek exceeds 60 feet. 
William Robertson’s affidavit also states that he and his brother Lester used
the entire lake for fishing and boating until the summer of 2004, when Hix built
a higher fence across the lake to prevent them from going on the 90 acres of
lake on Hix’s land.

            In his first issue, Hix asserts
that the Robertsons do not have standing to litigate whether Hog Creek is a
statutory navigable stream.  Hix claims that his source of title is an 1837 Republic
of Texas land patent that included a conveyance of Hog Creek’s streambed to his
predecessor-in-title—because the patent’s survey lines cross the streambed in
two locations—and that only the State of Texas, in a proper proceeding brought
by the Attorney General, has standing to litigate title to and ownership of a streambed
conveyed by patent.  See Bradford v. State, 121 Tex. 515, 50 S.W.2d
1065, 1080 (1932); Tex. Nat. Res. Code
Ann. § 11.077 (Vernon 2001).

Under Texas law, a “navigable stream
may not be crossed by the lines of a survey.”  Tex. Nat. Res. Code Ann. § 21.012(b).  Under a 1929 statute
known as the “Small Bill,” Tex. Rev.
Civ. Stat. Ann. art. 5414a (Vernon 1962), the State sought to remedy
instances where survey lines had improperly crossed navigable streams but the
landowner had paid for, or had been paying property taxes on, the entire
property purportedly conveyed in the patent, including the beds of navigable
streams.  See Bradford, 50 S.W.2d at 1071.  Thus, in the
Small Bill, the State relinquished title to the beds of navigable streams to
the riparian owner where the original patent’s survey lines had crossed a
navigable stream.  See Tex. Rev.
Civ. Stat. Ann. art. 5414a, § 2; Bradford, 50 S.W.2d at
1071-72.  But the Small Bill expressly reserves for the general public the
right of use and enjoyment of the waters of those navigable streams:  “nothing
in this Act contained shall impair the rights of the general public and the State
in the waters of [navigable] streams or the rights of riparian and appropriate
owners in the waters of such streams. . . .”  Tex.
Rev. Civ. Stat. Ann. art. 5414a, § 2.

The Robertsons assert that they are not
litigating title to Hog Creek’s streambed that passes through Hix’s land; they state
in their brief that “this lawsuit is not an attempt to claim ownership of the
land in the stream bed or to remove any cloud from the title to that land.” 
Instead, they claim that, as members of the general public, and as owners of
property fronting the lake formed by the dam on Hog Creek who have previously
used the lake for fishing and have since been denied access to lake waters on
Hix’s land, they have standing to seek injunctive relief prohibiting a riparian
owner from obstructing their and the public’s right to use and enjoy the waters
of a navigable stream.

We agree; the Robertsons have standing
to have the part of Hog Creek at issue declared a statutory navigable stream.  See
Texas Rivers Protection Ass’n v. Texas Natural Resource Conservation Comm’n,
910 S.W.2d 147, 151-52 (Tex. App.—Austin 1995, writ denied); see also Robinson
v. Neely, 192 S.W.3d 904, 907 (Tex. App.—Dallas 2006, no pet. h.) (“person
has standing if:  . . . (4) the challenged action has caused him some injury in
fact, either economic, recreational, environmental, or otherwise; or (5) he is
an appropriate party to assert the public’s interest in the matter, as well as
his own”).  In similar actions, the standing of private individuals was simply
assumed.  See, e.g., Diversion Lake, 86 S.W.2d at 444-46 (affirming
injunctive relief in action between private club and individuals over alleged
exclusive right to fish in lake formed by dam built on navigable stream); Port
Acres Sportsman’s Club v. Mann, 541 S.W.2d 847, 849-50 (Tex. Civ.
App.—Beaumont 1976, writ ref’d n.r.e.) (affirming injunctive relief in action
between private club and individuals over alleged exclusive right to fish in
waters formed out of navigable stream and affirming trial court’s ruling that waters
became navigable stream by activities of men).  In addition, we note that the
trial court’s judgment implicitly recognizes Hix’s ownership of the bed of the
part of Hog Creek that crosses his land and the land under the part of the lake
in question.  We overrule Hix’s first issue.

            Issues two, three, and four
complain about defects in the substance of the affidavits of William Robertson,
R.E. Wallace, and Steven Jones, respectively, relating to Hog Creek’s width
measurements.  Hix objected in the trial court that the affidavits (1) failed
to show that “gradient boundary methodology” was used in making the
measurements and to show their training in gradient boundary methodology; (2)
asserted factual and legal conclusions; and (3) failed to describe the nature
of the object measured.[2]

            Jones’s affidavit states
that he has been a survey technician for R.E. Wallace and the Wallace Group,
Inc.[3]
for eleven years and was assigned to measure the average width of Hog Creek
from its mouth up to a low water crossing in Coryell County approximately 2.7
miles northwest of the intersection of County Road 224 and FM Road 217.  His
attached report states that he personally measured the width of Hog Creek at
seven specified locations (marked on an attached map), and those measurements
ranged from 56 feet to 100 feet:  60, 79, 56, 70, 90, 100, and 97 feet.  Jones’s
affidavit then states that the average width of Hog Creek from its mouth at Lake Waco upstream to the low water crossing in Coryell County exceeds 70 feet.

            We find no law mandating a
certain method for measuring a stream’s width for the purpose of determining
its navigability under section 21.001(3) of the Natural Resources Code.  See
In re Adjudication of Water Rights of Upper Guadalupe Segment of Guadalupe
River Basin,  625 S.W.2d 353, 362-63 (Tex. Civ. App.—San Antonio 1981) (“The
statute provides no precise method of measurement for determining if a stream
maintains an average width of thirty feet from the mouth up.  We have found no
case which absolutely mandates any certain method be used.”), aff’d, 642
S.W.2d 438 (Tex. 1982); Motl v. Boyd, 116 Tex. 182, 286 S.W. 458, 467-68
(1926) (describing a stream’s components and measuring it).  We disagree with
Hix that the use of gradient boundary methodology was required in this case.  Cf.
Brainard v. State, 12 S.W.3d 6, 15-16 (Tex. 1999) (stating that survey marking
boundary line must comport with the gradient boundary methodology), disapproved on other grounds by Martin v.
Amerman, 133
S.W.3d 262, 267-68 (Tex. 2004).

We find that Jones’s affidavit testimony
about the average width of Hog Creek is appropriate lay witness opinion
evidence.  See Tex. R. Evid.
701 (lay witness may give testimony in the form of an opinion that is
rationally based on perception of the witness and helpful to a clear
understanding of the testimony or the determination of a fact in issue).  It
also is clear, positive, direct, otherwise credible and consistent, and it could
have been readily controverted by Hix.  See Tex. R. Civ. P. 166a(c).  We overrule issue four.  Because the
Jones affidavit alone supports the trial court’s summary judgment, we need not
address Hix’s objections to the Robertson and Wallace affidavits.

Hix’s fifth issue complains that the
trial court erred in ruling that the specified part of Hog Creek is a statutory
navigable stream and in enjoining him from denying the Robertsons access to
that part and to the adjoining lake.  First, Hix is simply wrong in his
assertion that, because the survey lines in the original patent to his land
crossed Hog Creek, it was not at that time a navigable stream and cannot later
be determined by judicial action to be a navigable stream.  The Small Bill was
enacted precisely because survey lines in patents had incorrectly crossed
navigable streams, and it sought to rectify those errors by relinquishing title
in the streambeds while reserving the public’s right to the waters of navigable
streams.  See Tex. Rev. Civ.
Stat. Ann. art. 5414a, § 2; Bradford, 50 S.W.2d at 1068-72; see
also In re Adjudication of Water Rights of Upper Guadalupe Segment of Guadalupe
River Basin, 642 S.W.2d 438, 446 (Tex. 1982) (citing Diversion Lake,
86 S.W.2d 441, and Port Acres, 541 S.W.2d 847).  And in Bradford, the supreme court stated that the navigability or nonnavigability of a
stream, “in view of the very nature and importance of the matter, for obvious
reasons, . . . is a question for judicial determination.”  Bradford,
50 S.W.2d at 1070; see, e.g., Port Acres, 541 S.W.2d at 849
(rejecting argument that waters were not navigable at time title of underlying
land was issued from State).

Because the summary judgment evidence
established that the part of Hog Creek in question averages more than 30 feet
in width from the mouth up, we hold that the trial court did not err in finding
that Hog Creek was a statutory navigable stream and in granting the Robertsons’
motion for summary judgment in that respect.  See Diversion Lake,
86 S.W.2d at 444-46 (affirming injunctive relief in action between private club
and individuals over alleged exclusive right to fish in lake formed by dam
built on navigable stream); Port Acres, 541 S.W.2d at 849-50 (affirming
injunctive relief in action between private club and individuals over alleged
exclusive right to fish in waters formed out of navigable stream); cf.
Taylor Fishing Club v. Hammett, 88 S.W.2d 127, 128-30 (Tex. Civ. App.—Waco
1935, writ dism’d, w.o.j.) (holding lake on private land was not navigable in
fact and there was no right of public use and enjoyment, as lake was not fed by
or part of a navigable stream).

The trial court correctly found that
Hog Creek is a statutory navigable stream and that the Robertsons and the
public have a right to use and enjoy its waters.  See Port Acres, 541 S.W.2d at 849-50.  It also correctly found that the Robertsons
and the public have a right to use and enjoy the waters of the lake formed by the
damming of Hog Creek.  See Diversion Lake, 86 S.W.2d at 442-46; see
also id. at 446 (the “artificial change in the river and its bed did not
affect the public nature of the waters and did not take away the right of the
public to use them for fishing.”); id. at 444 (“In general it is held
that all members of the public have a common right of fishing in navigable
streams and all other public waters.”); id. at 446 (“the water of the
lake, notwithstanding the fact that most of its bed is privately owned, is still
public water”).

The trial court’s judgment, however,
incorrectly states that Hog Creek and the lake in question are a
navigable stream:  “The Court finds that even though Hog Creek and the lake in
question is not navigable in fact, it is a navigable stream as defined by
Article 21.001, Natural Resources Code of the State of Texas, from its mouth up
to the low-water crossing in Coryell County, Texas, approximately 2.7 miles
northwest of the intersection of County Road 224 and FM Road 217.”[4] 
Section 21.001(3) applies to streams only, not to lakes.  See Tex. Nat. Res. Code Ann. § 21.001(3); Taylor
Fishing Club, 88 S.W.2d at 129.

Thus, we modify that portion of the
trial court’s judgment as follows:  “Though neither Hog Creek nor the lake in
question is navigable in fact, Hog Creek is a navigable stream as defined by
Article 21.001, Natural Resources Code of the State of Texas, from its mouth up
to the low-water crossing in Coryell County, Texas, approximately 2.7 miles
northwest of the intersection of County Road 224 and FM Road 217.”

Having overruled Hix’s issues and modified
the trial court’s judgment, we affirm the judgment as modified.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

            Justice
Vance, 

Justice Reyna 

Affirmed
as modified

Opinion
delivered and filed October 18, 2006

[CV06]









[1]               After oral argument, we
requested briefing by other potentially interested parties, including the
Office of the Attorney General, the Texas Water Development Board, the Texas Parks and Wildlife Department, the Texas Commission on Environmental Quality, and the
Texas General Land Office.  See Brown v. De La Cruz, 156 S.W.3d
560, 566 (Tex. 2004); City of San Antonio v. City of Boerne, 111 S.W.3d
22, 30 (Tex. 2003).  We received one amicus brief, that of the Texas Rivers Protection
Association, a Texas nonprofit corporation.





[2]               Because these are
alleged defects in substance, we address them even though Hix did not obtain a
written ruling from the trial court on his objections.  See Crow v. Rockett
Special Util. Dist., 17 S.W.3d 320, 324 (Tex. App.—Waco 2000, pet. denied),
disapproved on other grounds by Binur v. Jacobo, 135 S.W.3d 646, 651 & n.11 (Tex. 2004).  Hix also
objected that Wallace’s assertions of Hog Creek’s width and statutory
navigability are hearsay.  A hearsay objection to a summary judgment affidavit
alleges a defect in form, and a party is required to obtain a written ruling by
the trial court on defects in form.  See id.  Hix has thus not preserved
his hearsay objection for appellate review.

 





[3]               Wallace’s
affidavit states that he is a professional engineer and a registered
professional land surveyor, and the Wallace Group does engineering and
surveying.  He and the Wallace Group were employed to measure Hog Creek’s
width.  On their measurements, Wallace’s affidavit reiterates Jones’s
affidavit.  Robertson’s affidavit states that, from examination and
measurements, the average width of Hog Creek from its mouth up to and including
a low water crossing in Coryell County, which is upstream from the lake,
exceeds 60 feet.





[4]               “[S]treams or lakes . .
. are navigable in fact when they are used, or are susceptible of being used,
in their natural and ordinary condition, as highways for commerce, over which
trade and travel are or may be conducted in the customary modes of trade and
travel on water; . . .”  Taylor Fishing Club v. Hammett, 88 S.W.2d 127,
129 (Tex. Civ. App.—Waco 1935, writ dism’d, w.o.j.) (quoting United States
v. Holt State Bank, 270 U.S. 49, 56, 46 S.Ct. 197, 199, 70 L.Ed. 465 (1926)).