**William J. HIX, Appellant,**

v.

**William Carroll ROBERTSON and Lester Eugene Robertson, Appellees.**

**No. 10–05–00214–CV.**

Court of Appeals of Texas, Waco.

Nov. 29, 2006.

Keith Woodley, Comanche, for appellant.

Vance Dunnam, Dunnam & Dunnam, Waco, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION

BILL VANCE, Justice.

The trial court ruled that a specified part of Hog Creek is a statutory navigable stream and that Appellees William and Lester Robertson and the general public are entitled to use its waters for fishing, boating, and recreational purposes. The trial court therefore enjoined Appellant William Hix from interfering with the Robertsons' access, use, and enjoyment of the waters on Hix's land for those purposes. Asserting five issues, Hix appeals.[1] We will affirm.

Hog Creek runs through two tracts of land respectively owned by Hix and the Robertsons in Bosque and Coryell Counties. In approximately 1976, a soil conservation flood-retarding dam was built on Hix's property by various governmental entities after Hix, the Robertsons, and other property owners executed flood easements. The dam on Hog Creek formed a lake of approximately 100 acres, 90 of which are on Hix's land and 10 of which are on the Robertsons' land. Before the dam was built and the lake was constructed, Hix's land was enclosed by fence, including one across Hog Creek. After the lake was formed, Hix's fence remained across Hog Creek and the lake.

The Robertsons sued Hix, seeking a declaratory judgment that Hog Creek is a statutory navigable stream under the Natural Resources Code and that, as such, Hog Creek's waters and the lake created by the dam are owned by the State in trust for the benefit of the public for fishing, boating, and recreational purposes. *See* TEX. NAT. RES.CODE ANN. §§ 21.001(3), 21.012(b) (Vernon 2001); *Diversion Lake Club v. Heath,* 126 Tex. 129, 86 S.W.2d 441, 445–46 (1935). A statutory "navigable stream" is "a stream which retains an average width of 30 feet from the mouth up." TEX. NAT. RES.CODE ANN. § 21.001(3). The Robertsons also sought an order requiring Hix to remove his fence across the lake and enjoining him from interfering with access to the lake.

The Robertsons moved for a summary judgment declaring that Hog Creek is a statutory navigable stream. They filed three affidavits asserting that the average width of Hog Creek exceeds 60 feet. William Robertson's affidavit also states that he and his brother Lester used the entire lake for fishing and boating until the summer of 2004, when Hix built a higher fence across the lake to prevent them from going on the 90 acres of lake on Hix's land.

■ In his first issue, Hix asserts that the Robertsons do not have standing to litigate whether Hog Creek is a statutory navigable stream. Hix claims that his source of title is an 1837 Republic of Texas land patent that included a conveyance of Hog Creek's streambed to his predecessor-in-title—because the patent's survey lines cross the streambed in two locations—and that only the State of Texas, in a proper proceeding brought by the Attor-

---

1. After oral argument, we requested briefing by other potentially interested parties, including the Office of the Attorney General, the Texas Water Development Board, the Texas Parks and Wildlife Department, the Texas Commission on Environmental Quality, and the Texas General Land Office. *See Brown v. De La Cruz,* 156 S.W.3d 560, 566 (Tex.2004); *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 30 (Tex.2003). We received one amicus brief, that of the Texas Rivers Protection Association, a Texas nonprofit corporation.

ney General, has standing to litigate title to and ownership of a streambed conveyed by patent. *See State v. Bradford,* 121 Tex. 515, 50 S.W.2d 1065, 1080 (1932); TEX. NAT. RES.CODE ANN. § 11.077 (Vernon 2001).

Under Texas law, a "navigable stream may not be crossed by the lines of a survey." TEX. NAT. RES.CODE ANN. § 21.012(b). Under a 1929 statute known as the "Small Bill," TEX.REV.CIV. STAT. ANN. art. 5414a (Vernon 1962), the State sought to remedy instances where survey lines had improperly crossed navigable streams but the landowner had paid for, or had been paying property taxes on, the entire property purportedly conveyed in the patent, including the beds of navigable streams. *See Bradford,* 50 S.W.2d at 1071. Thus, in the Small Bill, the State relinquished title to the beds of navigable streams to the riparian owner where the original patent's survey lines had crossed a navigable stream. *See* TEX.REV.CIV. STAT. ANN. art. 5414a, § 2; *Bradford,* 50 S.W.2d at 1071–72. But the Small Bill expressly reserves for the general public the right of use and enjoyment of the waters of those navigable streams: "nothing in this Act contained shall impair the rights of the general public and the State in the waters of [navigable] streams or the rights of riparian and appropriate owners in the waters of such streams...." TEX.REV.CIV. STAT. ANN. art. 5414a, § 2.

The Robertsons assert that they are not litigating title to Hog Creek's streambed that passes through Hix's land; they state in their brief that "this lawsuit is not an attempt to claim ownership of the land in the stream bed or to remove any cloud from the title to that land." Instead, they claim that, as members of the general public, and as owners of property fronting the lake formed by the dam on Hog Creek who have previously used the lake for fishing and have since been denied access to

lake waters on Hix's land, they have standing to seek injunctive relief prohibiting a riparian owner from obstructing their and the public's right to use and enjoy the waters of a navigable stream.

We agree; the Robertsons have standing to have the part of Hog Creek at issue declared a statutory navigable stream. *See Texas Rivers Protection Ass'n v. Texas Natural Resource Conservation Comm'n,* 910 S.W.2d 147, 151–52 (Tex. App.-Austin 1995, writ denied); *see also Robinson v. Neeley,* 192 S.W.3d 904, 907 (Tex.App.-Dallas 2006, no pet. h.) ("person has standing if: ... (4) the challenged action has caused him some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own"). In similar actions, the standing of private individuals was simply assumed. *See, e.g., Diversion Lake,* 86 S.W.2d at 444–46 (affirming injunctive relief in action between private club and individuals over alleged exclusive right to fish in lake formed by dam built on navigable stream); *Port Acres Sportsman's Club v. Mann,* 541 S.W.2d 847, 849–50 (Tex.Civ.App.-Beaumont 1976, writ ref'd n.r.e.) (affirming injunctive relief in action between private club and individuals over alleged exclusive right to fish in waters formed out of navigable stream and affirming trial court's ruling that waters became navigable stream by activities of men). In addition, we note that the trial court's judgment implicitly recognizes Hix's ownership of the bed of the part of Hog Creek that crosses his land and the land under the part of the lake in question. We overrule Hix's first issue.

■ Issues two, three, and four complain about defects in the substance of the affidavits of William Robertson, R.E. Wallace, and Steven Jones, respectively, relating to Hog Creek's width measurements.

Hix objected in the trial court that the affidavits (1) failed to show that "gradient boundary methodology" was used in making the measurements and to show their training in gradient boundary methodology; (2) asserted factual and legal conclusions; and (3) failed to describe the nature of the object measured. The trial court overruled Hix's objections.

Jones's affidavit states that he has been a survey technician for R.E. Wallace and the Wallace Group, Inc.[2] for eleven years and was assigned to measure the average width of Hog Creek from its mouth up to a low water crossing in Coryell County approximately 2.7 miles northwest of the intersection of County Road 224 and FM Road 217. His attached report states that he personally measured the width of Hog Creek at seven specified locations (marked on an attached map), and those measurements ranged from 56 feet to 100 feet: 60, 79, 56, 70, 90, 100, and 97 feet. Jones's affidavit then states that the average width of Hog Creek from its mouth at Lake Waco upstream to the low water crossing in Coryell County exceeds 70 feet.

We find no law mandating a certain method for measuring a stream's width for the purpose of determining its navigability under section 21.001(3) of the Natural Resources Code. *See In re Adjudication of Upper Guadalupe River Segment of Guadalupe River Basin,* 625 S.W.2d 353, 362–63 (Tex.Civ.App.-San Antonio 1981) ("The statute provides no precise method of measurement for determining if a stream maintains an average width of thirty feet from the mouth up. We have found no case which absolutely mandates any cer-

tain method be used."), *aff'd,* 642 S.W.2d 438 (Tex.1982); *Motl v. Boyd,* 116 Tex. 82, 286 S.W. 458, 467–68 (1926) (describing a stream's components and measuring it). We disagree with Hix that the use of gradient boundary methodology was required in this case. *Cf. Brainard v. State,* 12 S.W.3d 6, 15–16 (Tex.1999) (stating that survey marking boundary line must comport with the gradient boundary methodology), *disapproved on other grounds by Martin v. Amerman,* 133 S.W.3d 262, 267–68 (Tex.2004).

We find that Jones's affidavit testimony about the average width of Hog Creek is appropriate lay witness opinion evidence. *See* TEX.R. EVID. 701 (lay witness may give testimony in the form of an opinion that is rationally based on perception of the witness and helpful to a clear understanding of the testimony or the determination of a fact in issue). It also is clear, positive, direct, otherwise credible and consistent, and it could have been readily controverted by Hix. *See* TEX.R. CIV. P. 166a(c). We overrule issue four. Because the Jones affidavit alone supports the trial court's summary judgment, we need not address Hix's objections to the Robertson and Wallace affidavits.

■ Hix's fifth issue complains that the trial court erred in ruling that the specified part of Hog Creek is a statutory navigable stream and in enjoining him from denying the Robertsons access to that part and to the adjoining lake. First, Hix is simply wrong in his assertion that, because the survey lines in the original patent to his land crossed Hog Creek, it was not at

---

**2.** Wallace's affidavit states that he is a professional engineer and a registered professional land surveyor, and the Wallace Group does engineering and surveying. He and the Wallace Group were employed to measure Hog Creek's width. On their measurements, Wallace's affidavit reiterates Jones's affidavit.

Robertson's affidavit states that, from examination and measurements, the average width of Hog Creek from its mouth up to and including a low water crossing in Coryell County, which is upstream from the lake, exceeds 60 feet.

that time a navigable stream and cannot later be determined by judicial action to be a navigable stream. The Small Bill was enacted precisely because survey lines in patents had incorrectly crossed navigable streams, and it sought to rectify those errors by relinquishing title in the streambeds while reserving the public's right to the waters of navigable streams. *See* Tex.Rev.Civ. Stat. Ann. art. 5414a, § 2; *Bradford*, 50 S.W.2d at 1068–72; *see also In re Adjudication of Water Rights of Upper Guadalupe Segment of Guadalupe River Basin*, 642 S.W.2d 438, 446 (Tex. 1982) (citing *Diversion Lake*, 126 Tex. 129, 86 S.W.2d 441, and *Port Acres*, 541 S.W.2d 847). And in *Bradford*, the supreme court stated that the navigability or nonnavigability of a stream, "in view of the very nature and importance of the matter, for obvious reasons, . . . is a question for judicial determination." *Bradford*, 50 S.W.2d at 1070; *see, e.g., Port Acres*, 541 S.W.2d at 849 (rejecting argument that waters were not navigable at time title of underlying land was issued from State).

Because the summary judgment evidence established that the part of Hog Creek in question averages more than 30 feet in width from the mouth up, we hold that the trial court did not err in finding that Hog Creek was a statutory navigable stream and in granting the Robertsons' motion for summary judgment in that respect. *See Diversion Lake*, 86 S.W.2d at 444–46 (affirming injunctive relief in action between private club and individuals over alleged exclusive right to fish in lake formed by dam built on navigable stream); *Port Acres*, 541 S.W.2d at 849–50 (affirming injunctive relief in action between private club and individuals over alleged exclusive right to fish in waters formed out of navigable stream); *cf. Taylor Fishing Club v. Hammett*, 88 S.W.2d 127, 128–30 (Tex.Civ.App.-Waco 1935, writ dism'd, w.o.j.) (holding lake on private land was not navigable in fact and there was no right of public use and enjoyment, as lake was not fed by or part of a navigable stream).

The trial court correctly found that Hog Creek is a statutory navigable stream and that the Robertsons and the public have a right to use and enjoy its waters. *See Port Acres*, 541 S.W.2d at 849–50. It also correctly found that the Robertsons and the public have a right to use and enjoy the waters of the lake formed by the damming of Hog Creek. *See Diversion Lake*, 86 S.W.2d at 442–46; *see also id.* at 446 (the "artificial change in the river and its bed did not affect the public nature of the waters and did not take away the right of the public to use them for fishing."); *id.* at 444 ("In general it is held that all members of the public have a common right of fishing in navigable streams and all other public waters."); *id.* at 446 ("the water of the lake, notwithstanding the fact that most of its bed is privately owned, is still public water").

▮▮▮ The trial court's judgment, however, incorrectly states that Hog Creek *and* the lake in question are a navigable stream: "The Court finds that even though Hog Creek and the lake in question is not navigable in fact, it is a navigable stream as defined by Article 21.001, Natural Resources Code of the State of Texas, from its mouth up to the low-water crossing in Coryell County, Texas, approximately 2.7 miles northwest of the intersection of County Road 224 and FM Road 217." [3]

---

**3.** "[S]treams or lakes . . . are navigable in fact when they are used, or are susceptible of being used, in their natural and ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water; . . ." *Taylor Fishing Club v. Hammett*, 88 S.W.2d 127, 129 (Tex.Civ.App.-Waco 1935,

Section 21.001(3) applies to streams only, not to lakes. *See* TEX. NAT. RES.CODE ANN. § 21.001(3); *Taylor Fishing Club*, 88 S.W.2d at 129.

Thus, we modify that portion of the trial court's judgment as follows: "Though neither Hog Creek nor the lake in question is navigable in fact, Hog Creek is a navigable stream as defined by Article 21.001, Natural Resources Code of the State of Texas, from its mouth up to the low-water crossing in Coryell County, Texas, approximately 2.7 miles northwest of the intersection of County Road 224 and FM Road 217."

Having overruled Hix's issues and modified the trial court's judgment, we affirm the judgment as modified.

Chief Justice GRAY concurs without a separate opinion but with a note. This corrected opinion being issued in response to the Appellant's motion for rehearing, but without requesting a response, replaces the opinion originally issued on October 18, 2006.

writ dism'd, w.o.j.) (quoting *United States v. Holt State Bank*, 270 U.S. 49, 56, 46 S.Ct. 197, 199, 70 L.Ed. 465 (1926)).