IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00225-CV

 

Patrick Lee Mullins,

                                                                                    Appellant

 v.

 

Hector Ortiz, Darrel Sutton, 

Robert Jenkins, Steven Rich, 

John Porter, and T. Roddey,

                                                                                    Appellees

 

 



From the County Court at Law

Walker County, Texas

Trial Court No. 8898CV

 



DISSENT TO ABATEMENT ORDER










 

When the question of the finality of an order or
judgment from which an appeal is attempted is before us, there are essentially
three alternatives.  Those three alternatives are:  1) the judgment or order is
final; 2) the judgment or order is not final; and 3) we are uncertain or unable
to determine, based on the information before us, whether the judgment or order
is final.

If the third situation presents itself, it is
clear that we can inquire and make the findings necessary to determine whether
the judgment or order is final.  American Home Prods. Corp. v. Clark, 3
S.W.3d 57 (Tex. App.—Waco 1999, order).  In American Home Products, the proceeding
was abated to the trial court for clarification of its order where the Court
was unable to tell if the trial court’s ruling was a venue ruling, over which
we had no jurisdiction of an interlocutory order, or the improper joinder of
third parties, over which we had jurisdiction of the interlocutory order.  Id.  After clarification, the judgment or order will necessarily fall into one of
the other two categories.  

If the judgment or order is final, and the other
requirements for an appeal are met, we have jurisdiction to review it.

If, however, the judgment or order is not final, including
that it is determined under the third alternative to not be final, or is not an
interlocutory order over which we have jurisdiction, there is only one thing to
do—dismiss the attempted appeal.  “The very balance of state governmental power
imposed by the framers of the Texas Constitution depends on each branch, and
particularly the judiciary, operating within its jurisdictional bounds.  The
power of government emanates from the people's delegation of power to
government.  [Emphasis in original opinion].  The checks and balances inherent in our form of government depend upon the judiciary's equanimity and
particularly upon our self-restraint.  When a court lacks jurisdiction, its
only legitimate choice is to dismiss.”  State v. Morales, 869 S.W.2d
941, 949 (Tex. 1994) (emphasis added).  See also Olivo v. State,
918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (“Jurisdiction of a court must be
legally invoked, and when not legally invoked, the power of the court to act is
as absent as if it did not exist.”). 

In this proceeding, we are unanimous in our
determination that the order from which the appeal is attempted is not a final
order or judgment.  Thus, I am confused as to the source of the Court’s
authority to issue an abatement order to allow the trial court to
possibly take some action that will create a final judgment from which an
appeal can then be taken.  We have no jurisdiction to render an abatement
order.  Id.  We have no jurisdiction to order the trial court to take
some action to create a final judgment which, if not taken, will require that the
attempted appeal be dismissed.  

The majority, however, abates the appeal
purportedly because they can tell that, although the trial court did not render
a final judgment, the trial court intended to render a final judgment.  The
authorities cited for the majority to take this action are a couple of cases
from this Court which cite and rely upon the Texas Supreme Court case of Lehmann
v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001), specifically at page 205.  On
page 205 of Lehmann, there is a discussion about the trial court’s
intent.  But it is inapplicable to the situations for which this Court has used
it.

In Lehmann, the Texas Supreme Court stated
as follows.

An order must be read in light of the importance
of preserving a party's right to appeal.  If the appellate court is uncertain
about the intent of the order, it can abate the appeal to permit
clarification by the trial court.  But if the language of the order is clear
and unequivocal, it must be given effect despite any other indications that one
or more parties did not intend for the judgment to be final.  An express
adjudication of all parties and claims in a case is not interlocutory merely
because the record does not afford a legal basis for the adjudication.  In
those circumstances, the order must be appealed and reversed.

 

Id. at 206 (emphasis added) (footnote omitted).

            In this appeal, none of the justices
are uncertain about the intent of the order.  We all agree that the trial
court’s intent was to sign an order that was final and be done with the trial
court proceeding.  We all also agree that the trial court failed to accomplish
that intent.  The disagreement is over whether we can render an abatement order
to allow the trial court to make final what we all agree is not final.  A
majority thinks we can.  I disagree.  We do not need clarification of
the order to see if we have jurisdiction.  What we need to have is a final
judgment over which we have jurisdiction.  In accordance with the Texas Supreme Court’s holding in State v. Morales, I would do all that we can do
when we have determined that the order is not a final appealable order—dismiss
the appeal.  See e.g., Kirk v. Lucas, No. 02-04-00295-CV, 2004 Tex. App. LEXIS 10149 (Tex. App.­—Fort Worth Nov. 12, 2004, no pet.) (mem. op.) (appeal dismissed because order declaring appellant a vexatious
litigant not appealable); see also Phillips v. Phillips, No. 01-03-00676-CV, 2004 Tex. App. LEXIS 11300 (Tex. App.—Houston [1st Dist.] Dec. 16, 2004, no pet.) (mem. op.) (same).

            By dismissing the appeal because there
is not a final appealable order or judgment, we have given effect to our
determinations that the trial court’s order is not uncertain and it is not
final.  This proceeding is unlike the judgment discussed in In re Robertson. 
In re Robertson, No. 10-09-00005-CV, 2009 Tex. App. LEXIS 2641 (Tex. App.—Waco April 15, 2009, orig. proceeding) (mem. op.).  In that proceeding, we were asked by a petition for writ of mandamus to compel the
trial court to enforce our judgment from the prior direct appeal.  See Hix
v. Robertson, 211 S.W.3d 423 (Tex. App.—Waco 2006, pet. denied).  The
real-party-in-interest responded that the prior trial court judgment was not
final and, therefore, the judgment from the prior appeal was unenforceable
because it was void, having been rendered by this Court when we had no jurisdiction
because we did not have a final judgment to review.  We unanimously disagreed
holding that the judgment was final, erroneously final, but nevertheless final,
for purposes of appeal.  Because the erroneously final character of the
judgment was not the subject of any alleged error, having jurisdiction of the
appeal, we proceeded to decide the issues presented, render a judgment, and
ultimately our mandate issued.  In the subsequent mandamus proceeding, because
the prior judgment had not been properly attacked and overturned at that time,
we held the trial court had no authority to refuse to enforce the mandate.

            In this proceeding, however, notwithstanding
that we all agree the trial court intended to render a final judgment, he did
not do so.  This is not a situation where we have a judgment that is final,
erroneously final, but nevertheless final.  Rather, it is clearly a case in
which the order the trial court signed, thinking it was final, is not final--not
even erroneously final.  The distinction is subtle, but real.  The distinction
is why, in this proceeding, unlike what we did in In re Robertson, the
most we can do is send a letter inquiring about our jurisdiction.   See Tex. R. App. P. 42.3 (a).  But we
certainly cannot decide on our own motion that we have no jurisdiction, as the
majority has done, and then order the proceeding abated so the trial
court can take some further action not simply to clarify action already taken
but to take action that will give us jurisdiction in the future.

            To reach its conclusion, the majority
must overrule recent precedent from this Court.  I am reluctant to overrule
precedent of this Court without a full discussion of the relevant factors. 
Established precedent should not be lightly overruled.  See Weiner v. Wasson,
900 S.W. 2d 316, 320 (Tex. 1995).  When overruling precedent we should explain
the basis of our decision. 

Under the doctrine of stare decisis, it is
often "better to be consistent than right."  This doctrine
"promotes judicial efficiency and consistency, fosters reliance on
judicial decisions, and contributes to the actual and perceived integrity of
the judicial process."  However, overruling precedent is acceptable under
certain circumstances.  Some factors that support overruling precedent are: 
(1) when the original rule is flawed from the outset, (2) when older precedent
conflicts with a newer decision that is found to be more soundly reasoned, and
(3) when the rule consistently creates unjust results or places unnecessary
burdens upon the system.    

 

Bawcom v. State, 78 S.W.3d 360, 363 (Tex. Crim. App. 2002) (footnotes omitted).

Thus, if I was going to overrule McCray v.
Allee, 10-07-00013-CV, 2008 Tex. App. LEXIS 5752 (Tex. App.—Waco July 30, 2008, no pet.) (mem. op.), I would articulate the underlying reasons for
doing so.  And if I were going to overrule it, I would, nevertheless, apply it
to this proceeding and apply the holding overruling it prospectively only.  In
this manner, we would not create uncertainty for the finality of other
judgments already rendered which, under prior precedent were final, but which
are not final when tested against the majority’s  new holding.

For the foregoing reasons, I respectfully dissent
from the abatement order.[1]

 

                                                            TOM
GRAY

                                                            Chief
Justice

 

Dissent
to abatement order issued and filed April 29, 2009

 









[1]  Another problem in the
abatement order is the overly broad statement that “[i]n every other instance
of which we are aware the appellate timetables run from the date the trial
court signs a written judgment or other appealable order.”  Maj. op. at 2. 
With regard to appeals in most criminal proceedings, the appellate timetables
run from the date the sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a).








ances, on any
party’s motion—or on its own initiative after giving ten days’ notice to all
parties—the appellate court may dismiss the appeal or affirm the appealed
judgment or order.  Dismissal or affirmance may occur if the appeal is subject
to dismissal:

          (a) for want of jurisdiction;

          (b) for want of prosecution; or

          (c) because the appellant has failed
to comply with a requirement of these rules, a court order, or a notice from
the clerk requiring a response or other action within a specified time.

 

          If we had notified the Libbys that the
appeal was going to be dismissed for failing to file a brief on June 7, 2006,
then we could dismiss it for that failure.  But while we notified the Libbys
that the brief was overdue, we notified the Libbys that the appeal would be
dismissed only for the failure to explain why no brief had been filed.

          Now comes the ironic twist in the
notice and rules.  We only gave them notice that dismissal would follow if the
explanation was not forthcoming within 14 days.  The explanation is now past
due.  We have not notified the Libbys that the explanation is past due and that
we intend to dismiss the appeal if this is not corrected.

          By failing to give the Libbys a
reasonable opportunity to cure a defect or irregularity in appellate procedure,
failing to file the explanation for why no brief was filed, we have failed to
comply with Rule 44.3.  Tex. R. App. P.
43.3.  This rule provides:

44.3.   Defects in Procedure

   A court of appeals must not affirm or reverse
a judgment or dismiss an appeal for formal defects or irregularities in
appellate procedure without allowing a reasonable time to correct or amend the
defects or irregularities.

 

Id.

          This entire problem between the result
the majority wants to accomplish and what I believe is necessary to comply with
the rules and minimum due process could have been cured long before now if the
majority would have allowed the proper notice to be sent.  Alternatively, if
the original notice had specifically informed the Libbys that because the brief
had not been filed the appeal would be dismissed unless the brief and the
explanation were received within 14 days, the appeal could be properly
dismissed because the brief has still not been filed.  Further, if the notice
had simply provided, as many of our notices do, that “The failure to timely file
a response to this letter (or notice) constitutes an independent ground for
dismissal of this appeal.  Tex. R. App.
P. 42.3(c).” then we could properly dismiss this appeal without further
notice.

          However, because we have not advised
the Libbys of the specific defect and given them the opportunity to cure the
defect specified, we should not, at this juncture, dismiss this appeal.  The
majority dismisses the appeal.  I respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed August 9, 2006

Publish