Hemphill, O. J.
This is an appeal from a decree dismissing a petition praying an injunction against a judgment, recovered at a former term of the district court.
An affidavit for a continuance had been filed at a former trial by the appellant, but by the admission of the appellant himself it appears that no action was had thereupon; no motion was made for a continuance grounded on the affidavit or otherwise, and the right of trial by jury being waived, the cause was submitted to the court for adjudication. The matters set forth in the petition furnished no sufficient ground for the interposition of the restraining authority of the court. Had a motion for continuance been improperly overruled, the remedy (if any) would have been found in a resort to a higher tribunal and not by application to the same court, invested with no additional powers, and no new facts or matters having arisen since the hearing and decision of the cause.
There was no error in dismissing the petition, nor do we perceive any in the entering of the judgment against the principal and securities in the injunction bond. By the act regulating the granting of injunctions, etc., approved January 25, 1811, it is provided that “ every bond executed for the purpose of obtaining an injunction shall, on the dissolution of the said injunction, have the force and effect of a judgment, and the party or parties whose judgment may have been enjoined may take out execution against all the obligators in the bond,” etc. The formal rendition of judgment by the court *(6) could give no greater validity or effect to the judgment on the bond arising from the operation of law. The rights of neither party could he enlarged or diminished by this act of the court, and no additional obstacle would be interposed to any relief to which the parties to the bond might be entitled.
We cannot permit the imperfect and slovenly entry of the decree in this cause to pass without observation and reprehension. There is in fact no entry of that portion of the decree which, in terms, dissolved the injunction and dismissed the petition. It is most clear, however, from the bill of exceptions, the appeal that was taken and other facts in the record, that judgment was so ordered by the court. We allude to these deficient entries — not so much for the instruction of the district clerk of Harris county, whose records exhibit abundant evidence of his skill and accuracy, but in order that the attention of clerks and courts generally may be directed to the necessity of having these authentic testimonials of adjudication of controverted rights made up with such fidelity and accuracy as to establish with certainty what action has been had by the court, so that the appellate tribunal may be fully informed of the judgment to be reviewed, or if final judgment has been entered, that the parties and the public may understand fully and clearly the precise disposition and adjustment of the rights which had been litigated.
It is ordered, adjudged and decreed that the judgment of the cóurt below in all things be affirmed.