### In the Matter of the Guardianship of Addie Nora FLECKENSTEIN.

### No. 6892.

Court of Civil Appeals of Texas, El Paso.

Oct. 10, 1979.

Rehearing Denied Nov. 14, 1979.

Gardere, Wynne, Jaffe & DeHay, Donald C. McCleary, Judith K. Sinclair, Dallas, Stubbeman, McRae, Sealy, Laughlin & Browder, Al W. Schorre, Jr., Midland, for appellant.

Kerr, Fitz-Gerald & Kerr, William Robert Parks, Midland, guardian ad litem.

Carl Steckelberg, Vern F. Martin, Midland, for Zella Martin, appellee.

## OPINION

OSBORN, Justice.

This case involves the issue of venue in a case instituted by a daughter for the appointment of a guardian of her elderly mother. The trial Court overruled the mother's plea of privilege. We reverse and order the case transferred to Dallas County, Texas.

Zella Martin filed an application for guardianship in the County Court of Midland County, Texas, seeking to be appointed guardian of her mother, Addie Nora Fleckenstein, who was born in 1900. Mrs. Fleckenstein has resided in a nursing home in Dallas County, Texas, for more than two years and it is contended that she is unable to manage her own affairs. A plea of privilege was filed by Mrs. Fleckenstein seeking to have the case transferred to Dallas County, the place of her residence. A controverting affidavit was filed asserting venue in Midland County under the provisions of Section 7 of the Texas Probate Code, with an allegation being made that the principal estate of the proposed ward was in Midland County.

Section 7(b) of the Texas Probate Code provides:

A proceeding for the appointment of a guardian shall be begun:

. . . . .

(b) For the person and estate, or either, of an incompetent, in the county where such person resides, or where his principal estate is situated.

There is no dispute about the place of residence of the proposed ward being in Dallas County. There is a dispute about where her principal estate is situated. Mrs. Fleckenstein receives social security payments which are paid to her in Dallas. She has some personal property, including antiques, in Midland County. She owns no real estate. Her principal asset is a $75,000.00 promissory note with an unpaid balance of $55,000.00, which is secured by a deed of trust lien on 106 acres of land in Bell County, Texas. The note does not designate a place of payment, but prior payments had been made in Dallas, Texas.

The case resolves itself to the question of where is the one main asset, the debt evidenced by a note, to be considered situated. The promisor on the note is a partnership composed of residents of Midland County. The Appellee asserts that the location of the main asset is at the place of the residence of the debtors, being Midland County where suit was instituted. The Appellant relies primarily upon the decision in *Bagwell v. McCombs*, 31 S.W.2d 835 (Tex.Civ.App.—Dallas 1930, no writ). The Appellee relies primarily upon the holdings in *Saner-Ragley Lumber Co. v. Spivey*, 238 S.W. 912 (Tex.Com.App.1922), and *Lancaster & Wallace v. Sexton*, 245 S.W. 958 (Tex.Civ.App.—Texarkana 1922, writ ref'd). None of these cases deal directly with the situs of a debt secured by a promissory note.

Quite clearly, the promissory note is intangible property in the nature of a "chose in action" which can only be claimed or enforced by an action in court and not by

taking physical possession like other types of property. Brown, *The Law of Personal Property* (3d ed. 1975), sec. 1.7. The general rule, as set forth in 16 Am.Jur.2d, Conflicts of Law, sec. 35, is as follows:

> While the idea of locality of things which may be said to be intangible is somewhat confusing, broadly speaking intangible personal property, such as evidences of debt and other choses in action, follows the person, and by fiction of law has its situs at the domicil of the owner. Thus, while debts, being intangible, have no actual situs, they, as a general proposition, follow the person of the creditor and not of the debtor, and are given the situs of the creditor's domicil, so that where the debtor and creditor reside in different states, the law of the domicil of the creditor prevails. (Footnotes omitted)

On several occasions, the courts of other jurisdictions have held that the situs of intangible personal property is at the domicile of the owner. *Elliott v. Mosgrove*, 162 Or. 507, 91 P.2d 852 (1939); *McDougal v. McDougal*, 279 S.W.2d 731 (Mo.App.1955); *State of California v. St. Louis Union Trust Co.*, 260 S.W.2d 821 (Mo.App.1953); *United States v. Royce Shoe Company*, 137 F.Supp. 786 (D.N.H.1956).

■ The filing of the plea of privilege established a prima facie right to have the case transferred to Dallas County. Rule 86, Tex.R.Civ.P. The evidence does not establish an exception under Section 7(b) of the Texas Probate Code, and the case should be transferred to Dallas County, Texas.

The judgment of the trial Court is reversed and judgment rendered ordering the case transferred to Dallas County, Texas.