**Rosalie D. SCHLIEMANN, Relator,**

v.

**Honorable Ruben GARCIA, Respondent.**

**No. 04–84–00330–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 15, 1984.

J.G. "Bumper" Hornberger, Jr., Law Offices of Jacob G. Hornberger, Jr., Dallas, for relator.

Emilio Davila, Jr., Teresa Hunter, Laredo, for respondent.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

PER CURIAM.

In this application for writ of mandamus, relator, Rosalie D. Schliemann, seeks to vacate an order entered by the Honorable Ruben Garcia, Judge of the 49th Judicial District Court of Webb County, Texas, which interferes with the execution of the judgment and mandate of this Court. The writ will conditionally issue.

Relator sued Rosestone Properties, Inc. in the 49th Judicial District Court and obtained judgment against Rosestone in that suit in the amount of $44,859.76, with interest thereon at nine percent (9%) per annum from the date of the judgment. We affirmed the judgment, *Rosestone Properties, Inc. v. Schliemann*, 662 S.W.2d 49 (Tex.App.—San Antonio 1983, writ ref'd

n.r.e.), and rendered judgment against Rosestone and the sureties on its supersedeas bond, Clementina G. Dryden and Edward J. Dryden, Jr. Rosestone's application for writ of error to the Supreme Court was refused, no reversible error, on February 22, 1984, and our mandate issued to the trial court on March 16, 1984. Relator then instituted proceedings in that court to collect her judgment. An execution sale on certain real properties which had been levied upon by the Webb County Sheriff was pending at the time this application was submitted.

The proceeding we are now concerned with, however, is relator's application for a turnover order brought under the provisions of TEX.REV.CIV.STAT.ANN. art. 3827a (Vernon Supp.1984). The application alleged that Edward J. Dryden, Jr. and Clementina G. Dryden had borrowed approximately $50,000.00 from the International Bank of Commerce in Laredo in order to pay off the judgment, but then refused to pay the loan proceeds to relator. Relator sought an order requiring the Drydens to pay the proceeds to her. After an evidentiary hearing the court granted the application and signed an order on July 13, 1984, ordering the Drydens to turn over the $50,000.00 to relator within five days. They failed to comply.

Sometime between July 13 and July 20, Rosestone "Et Al" filed a motion to modify the July 13th order. The certificate of service shows that a copy of the motion was mailed to relator's attorney on July 17. Relator's attorney contends that he never received a copy of the motion. No notice setting a hearing on the motion appears in the record. The motion to modify sought credit against the amount owed by Rosestone for a real estate lien note in the principal amount of $10,800.00 that was made payable to Edward Joseph Dryden, Jr., Trustee. Rosestone alleged that the note was matured and that it was signed by relator as maker. The motion sought credit not only for the principal amount, but also for $6,829.92 in interest and $1,762.99 in attorney's fees. The court signed a modified order on July 20, 1984,

which ordered Rosestone and the Drydens to turn over to relator or to the Webb County Sheriff the note marked "paid in full" along with $30,607.09 in cash, in full satisfaction of the judgment. The order further provided that upon delivery of the note and cash, all writs of execution on the judgment would be abated. Relator represented in her application for writ of mandamus that the sheriff informed her that the note and a check for $30,607.09 had been delivered to him.

The writ of mandamus will issue to compel compliance with the mandate of the Court of Appeals. TEX.REV.CIV. STAT.ANN. art. 1824 (Vernon Supp.1984); *Curtis v. Nobles*, 588 S.W.2d 687, 688 (Tex. Civ.App.—Amarillo 1979, no writ); *Moore v. Ellis*, 435 S.W.2d 951, 952–53 (Tex.Civ. App.—Dallas 1968, no writ). The district court has no jurisdiction to review, interpret, or enforce our mandate; it must observe and carry it out. *Myers v. Myers*, 515 S.W.2d 334, 335 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ dism'd). Its orders carrying out the mandate are ministerial. *Id.* Our mandate commanded the 49th Judicial District Court to observe our judgment "and in all things have it duly recognized, obeyed, and executed." The trial court's modified order failed to carry out our mandate. Rather, it was an unwarranted interference with its proper execution.

The purpose of the turnover statute "is to aid the diligent judgment creditor in obtaining satisfaction of his or her judgment in a timely manner." Hittner, *Texas Post-Judgment Turnover and Receivership Statutes*, 45 TEX. B.J. 417 (1982). The statute itself declares that the judgment creditor is entitled to aid from a court in reaching property of the judgment debtor where the traditional methods of satisfying the judgment have proved inadequate. Article 3827a(a). The statute clearly was enacted for the benefit of judgment creditors, yet the proceedings at issue in this application for writ of mandamus have perverted that purpose to allow the judgment

*debtor* to choose the manner in which it will satisfy the judgment.

■ Relator pleaded for the turnover of specific assets believed to be in the debtors' hands. After a hearing, the court ordered the assets turned over. Yet, without any pleadings requesting an offset and without notice to relator, the court, on the basis of a motion to modify the judgment, allowed the debtors to set off a note against the cash ordered to be turned over. This order is clearly erroneous. It is contrary to legislature's intent and purpose in enacting article 3827a, and is therefore improper.

■ The entry of the modified order was improper for another reason. The motion to modify is not a proper procedure for the collection of a note. The procedure utilized below effectively allowed debtors to collect the principal amount of the note, interest, *and* attorney's fees, without pleadings, without citation or notice to relator, and without an evidentiary hearing. The note may be usurious; it may be a forgery; it may be uncollectible due to the running of the statute of limitations. Yet relator has been denied any opportunity to present these or any other defenses to the collection of the note. The issue of liability on a note *cannot* be litigated in this summary and ex parte procedure. Debtors' only remedy is a suit on the note. *Matter of Guardianship of Fleckenstein,* 589 S.W.2d 788, 789 (Tex.Civ.App.—El Paso 1979, no writ).

■ Nor is there proof that Edward J. Dryden, Jr., was the holder or owner of the note. *See Schindler v. Ag Aero Distributors, Inc.,* 502 S.W.2d 581, 585 (Tex.Civ. App.—Corpus Christi 1973, no writ). The note on its face discloses that the payee was Edward Joseph Dryden, Jr., Trustee. It is improper to offset a judgment with a note not held or owned by the judgment debtor. *Randolph Junior College v. Isaacks,* 140 S.W.2d 459, 459 (Tex.Civ.App. —Eastland 1940, no writ).

■ Not only did the modified order prevent the collection of the full amount of cash prayed for, it also, in effect, enjoined all execution proceedings, including the one pending at the time of the submission of this application. Such an order was improper for several reasons. The debtors have failed to present a sworn petition seeking injunctive relief. TEX.R.CIV.P. 682. The required filing, docketing, and citation procedures were not complied with. TEX.R.CIV.P. 685, 686. The writ of injunction did not comply with the requisites of TEX.R.CIV.P. 687. The injunction was not properly issued or served. TEX.R.CIV.P. 688, 689. There was no showing that the judgment creditor was insolvent. *Holt v. Farley,* 350 S.W.2d 659, 660 (Tex.Civ.App. —Texarkana 1961, no writ); *Bullitt v. Jesse French Piano & Organ Co.,* 158 S.W. 782, 783 (Tex.Civ.App.—San Antonio 1913, writ ref'd). There was no showing that the debtors did not have an adequate remedy at law. *Western v. Woods,* 1 Tex. 1, 7 (1846).

■ Finally, the order is a clear and unjustified interference with the enforcement of our mandate. Unless it is shown that the judgment is void or that execution is somehow improper for another reason, the district court has no authority to rule that our mandate may not be enforced by execution or by any other lawful means.

We anticipate that Judge Garcia will immediately vacate his modified order signed July 20, 1984, will vacate his abatement contained in that order of any and all proceedings instituted to execute the judgment of this Court, and will refrain from interfering with any other lawful execution proceedings until our judgment and mandate are fully executed. Should Judge Garcia fail to comply with the ruling of this Court, the writ of mandamus will issue.