**Angelina SALVAGGIO, et al., Relators,**

v.

**Honorable Claude D. DAVIS, and Brazos County Water Control & Improvement District, Respondents.**

No. 01–86–0869–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 12, 1987.

Rehearing Denied April 9, 1987.

C. Charles Dippel, Ronald E. Hood, Sears & Burns, Houston, for relators.

Karl C. Hoppess, Hoppess, Cowgill & Emmott, P.C., Houston, for real party in interest.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

LEVY, Justice.

Relators, the Salvaggios and Rotellos, bring this original proceeding to compel payment by respondent, Brazos County Water Control and Improvement District No. 1 ("the District"), of the balance of a judgment owed them by the District. Relators also seek a writ of mandamus to compel the respondent, the honorable Claude D. Davis, to vacate his order of November 17, 1986, that: 1) denied relators' writ of mandamus in the trial court; and 2) allowed an offset against the judgment. We grant relief only with respect to the trial court's order improperly allowing the offset against the underlying judgment.

The judgment that relators are attempting to collect was awarded, after a bench trial, for attorneys' fees and expenses incurred by relators as a result of a series of condemnation proceedings filed and dismissed by the District over the course of several years. The District appealed the judgment of $71,774.38. This Court affirmed the judgment, after reducing the award by approximately $600. *See Brazos County Water Control & Improvement District v. Salvaggio*, 698 S.W.2d 173 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by law. *Street v. Second Court of Appeals*, 715 S.W.2d 638 (Tex. 1986) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). When an appellate court grants relief absent these circumstances, it acts in excess of its writ power. *Street*, 715 S.W.2d at 639.

This Court issued its mandate in the appeal of the underlying judgment on February 26, 1986. Shortly thereafter, the District paid relators $30,000 on the judgment. In July of 1986, relators made application to the trial court for a writ of mandamus to compel payment of the balance of the judgment. In September of 1986, the District tendered to relators an additional amount of approximately $30,000. On September 25, 1986, the trial court denied relators' first application for a writ of mandamus. No appeal was taken from that order. On October 6, 1986, relators filed a second application for a writ of mandamus in the trial court. In response to that application, the District filed a response and "counterclaim" in which it claimed that the Rotellos owed the District approximately $11,000 in taxes and penalties and that that amount should be offset against any balance remaining due on the judgment. On November 17, 1986, the trial court denied the second application for a writ of mandamus and allowed the "counterclaim" in the amount of $11,000.99.

Relators, here, do not appeal the trial court's denial of their application for the writ but, rather, seek an original writ of mandamus requiring Judge Davis to withdraw his order of November 17, 1986, denying relators' mandamus in the trial court and allowing the offset, and to compel the District to pay the balance of the judgment debt out of its construction funds.

We address first the relators' right to invoke the original jurisdiction of this Court after having been denied relief by the trial court. Relators argue that because this Court affirmed the underlying judgment against the District, original mandamus lies in this Court to enforce that judgment. Relators also assert that because there can be only one final judgment, and one has been entered, the trial court's order is not appealable. We disagree.

Relators had an effective and adequate remedy, viz., mandamus in the trial court, by which to obtain satisfaction of their judgment, *see Hawthorne v. La-Man Constructors, Inc.*, 672 S.W.2d 255 (Tex.App.—Beaumont 1984, no writ), and a remedy by appeal from the trial court's order denying their application for writ of mandamus. *Brazos River Conservation & Reclamation Dist. v. Belcher*, 139 Tex. 368, 371, 163 S.W.2d 183, 184 (1942). In *Brazos River*, a conservation district sought a writ of mandamus from the Texas Supreme Court to compel the district judge to allow the dis-

trict to withdraw funds it had deposited in the registry of the district court as security in a condemnation proceeding. The Texas Supreme Court had directed the deposit to be made in its opinion on the appeal taken by the district from the underlying judgment. In the mandamus case, however, the Court held that while it may have had jurisdiction to enforce its former judgment, the original jurisdiction of the Supreme Court could not be successfully invoked where ordinary remedies were complete and adequate. *Brazos River*, 123 S.W.2d at 184. The Court held that the mandamus relief must be sought first in the district court, and that if satisfactory relief was not obtained there, the parties had an adequate remedy by appeal. *Id.* at 184.

▉ Similarly, even though this Court affirmed the underlying judgment in favor of relators, relators may not invoke the original mandamus jurisdiction of this Court when they have an adequate remedy by appeal from the trial court's denial of their application for mandamus relief.

▉ The availability of other remedies, however, does not bar the granting of mandamus to set aside a *void* order. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973). This Court is required to issue a writ of mandamus to compel a trial court to refrain from acting outside the court's jurisdiction. *Munson Engineering, Inc. v. Farris*, 666 S.W.2d 355 (Tex.App.—Houston [14th Dist.] 1984, no writ). We hold that the insertion into the trial court's order of November 17, 1986, that the "counterclaim should be allowed in the amount of $11,000.99 ..." rendered that portion of the order void. The issue of the tax liability of these relators was not litigated in the underlying lawsuit, nor could it have been litigated after the judgment became final. *See Schliemann v. Garcia*, 685 S.W.2d 690 (Tex.App.—San Antonio 1984, no writ). In *Schliemann*, the appellate court conditionally granted a writ of mandamus where the relators had attempted to collect a judgment under the "turnover statute," now codified as Tex.Civ.Prac. & Rem.Code Ann. sec. 31.002 (Vernon 1986), after the judgment had been affirmed on appeal, and the trial court thereafter allowed the debtors an ex parte offset against the amount of the judgment.

Here, the trial court's allowance of the "counterclaim" against relators, without service of citation and an opportunity to defend against and litigate fully the merits of any tax liability, was without authority. *See Schliemann*, 685 S.W.2d at 693. We grant mandamus relief only to the extent that the trial court's order improperly allowed this offset in the amount of $11,000.99.

Relator's application for a writ of a mandamus to compel the district court to vacate its order denying mandamus relief, and to compel the District to pay any balance due on the underlying judgment, is denied because relators have an adequate remedy by appeal. We anticipate that the honorable trial judge will vacate that part of his November 17, 1986 order, allowing a "counterclaim" in the amount of $11,000.99. A writ of mandamus will issue only in the event that he fails to do so.