In re CASTLE TEXAS PRODUCTION LIMITED PARTNERSHIP, Castle Texas Pipeline Limited Partnership, CEC Gas Marketing Limited Partnership, and Castle Energy Corporation.

No. 12–04–00369–CV.

Court of Appeals of Texas, Tyler.

March 16, 2005.

Carl H. Barber, Henderson, Drew R. Heard, Brandy M. Wingate, Dallas, for relators Castle Texas Production Limited Partnership, et al.

J. Clay Gossett, respondent pro se.

F. Franklin Honea, Dallas, Mike Hatchell, Tyler, Ron Adkison, Henderson, for real party in interest The Long Trusts.

John C. Ginn, Sulphur Springs, Attorney Ad Litem.

Cynthia L. Humphries, Cooper, for other interested parties.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

## OPINION DENYING MANDAMUS AND PROHIBITION

BILL BASS, Justice (Retired).

Relators, Castle Texas Production Limited Partnership, Castle Texas Pipeline Limited Partnership, CEC Gas Marketing Limited Partnership, and Castle Energy Corporation (collectively "Castle"), petition for writs of mandamus and prohibition against the respondent, the Honorable Clay Gossett, Judge of the 4th District Court, Rusk County, Texas, seeking enforcement of the mandate issued pursuant to our decision in *Castle Texas Production Limited Partnership v. Long Trusts*, 134 S.W.3d 267 (Tex.App.-Tyler 2003, pet. denied). We deny the petition.

### BACKGROUND

On September 5, 2001, the trial court rendered its amended final judgment awarding the Long Trusts a monetary recovery against Castle and awarding Castle damages on its counterclaim together with prejudgment interest and attorneys' fees. Castle posted a supersedeas bond conditioned on Castle's prosecution of an appeal "with effect." The Long Trusts posted a certificate of deposit with the district court to secure the payment of that portion of the amended final judgment awarding Castle recovery on its counterclaim against the Long Trusts.

This court reversed that part of the trial court's judgment awarding the Long Trusts recovery against Castle and remanded the Long Trusts' breach of contract claims to the trial court for retrial of both the liability and the damage issues. We affirmed the judgment for Castle subject to remittiturs, which Castle submitted. We held, however, that the trial court had not awarded Castle the amount of prejudgment interest on its counterclaim provided by the operating agreement. Therefore, we severed Castle's counterclaim against the Long Trusts and ordered the respondent to recalculate prejudgment interest at twelve percent as specified in the joint operating agreement.

The Texas Supreme Court denied the Long Trusts' petition for review, and, on June 9, 2004, this court issued its mandate in enforcement of its judgment.

Upon the issuance of our mandate, Castle moved the trial court to formally sever Castle's counterclaim, assign the severed claim a new cause number, recalculate prejudgment interest, enter a revised judgment, and allow Castle to collect its judgment from the security given by the Long Trusts. A hearing on Castle's motion was set for September 21, 2004. Shortly before the September 21, 2004 hearing, the

Long Trusts filed its motion in this court seeking clarification of our mandate and judgment. At the hearing held on Castle's motion, Castle also requested the respondent trial judge to release the supersedeas bond it had posted to secure the Long Trusts' collection of the amounts awarded it in the trial court's final judgment. The trial court took under advisement the matters raised in Castle's motion. On November 2, 2004, the respondent trial judge set the case for trial in March 2005 without assigning Castle's counterclaim a separate cause number. The respondent also denied Castle's motion to release its supersedeas bond.

Castle contends that the respondent's conduct is in defiance of our mandate and asks that we enforce our mandate by mandamus and prohibition

(i) ordering the Respondent to sever Castle's counterclaim, recalculate prejudgment interest in accordance with the joint operating agreements between the parties, render judgment for Castle in the severed proceeding, and allow Castle to collect its judgment from the security posted by the Long Trusts;

(ii) ordering the Respondent to release Castle's supersedeas bonds; and

(iii) prohibiting the Respondent from taking actions contrary to this Court's directives in its Mandate, including proceeding to trial unless and until he has fulfilled this Court's Mandate.

### APPLICABLE LAW AND STANDARD OF REVIEW

Mandamus is available to correct a clear abuse of discretion or violation of a legal duty imposed by law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.* When the trial court's discretion is ad-dressed to a factual issue, the relator must establish that the trial court's decision was contrary to the only decision reasonable under the circumstances. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A trial court, however, has no discretion to determine the applicable law, and the failure of the trial court to correctly apply the law will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 839–40.

"When the trial court clerk receives the mandate, the appellate court's mandate must be enforced." TEX.R.APP. P. 51.1(b). A district court has no discretion to interpret an appellate court's mandate. *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex.App.-San Antonio 1984, orig. proceeding). A trial court's failure or refusal to comply with a court of appeals mandate is an abuse of discretion. *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex.1992) (orig. proceeding). A court of appeals may issue mandamus to enforce compliance by the trial court with its mandate to enter a particular judgment, and the appellate court retains jurisdiction until the judgment ordered has been entered. *Curtis v. Nobles*, 588 S.W.2d 687, 688 (Tex.App.-Amarillo 1979, orig. proceeding).

A writ of prohibition operates like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex.1989). The purpose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments. *Id.* The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Id.* at 683. As with other extraordinary writs, the relator must also establish that it had no adequate remedy at

law. *Mid Plains Reeves, Inc. v. Baskin,* 793 S.W.2d 286, 287 (Tex.App.-El Paso 1990, orig. proceeding); *Inman v. O'Donnell,* 722 S.W.2d 16, 18 (Tex.App.-Dallas 1986, orig. proceeding). A trial court's reconsolidation of claims on remand after a severance was upheld on appeal is correctable by prohibition. *See Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 366 (Tex.1985) (orig. proceeding).

### SEVERANCE OF COUNTERCLAIM

■ Castle first asks that we order the respondent to sever Castle's counterclaim, recalculate prejudgment interest, render judgment, and allow Castle to collect on its judgment against the security posted by the Long Trusts.

When the trial court took "under advisement" Castle's motion seeking this relief, the Long Trusts' motion for clarification of the mandate and/or judgment had only recently been filed in this court. Therefore, we presume that the respondent deferred ruling on the matters raised in Castle's motion, not in defiance of our mandate, but in awaiting our ruling on the Long Trusts' motion for clarification.

We have since ruled on the Long Trusts' motion for clarification, explaining that "our judgment ordering severance did not contemplate nor does the mandate permit the trial court to reconsolidate the cases or to contrive a procedure to delay the redetermination of prejudgment interest due Castle and its recovery on the judgment until the resolution of the Long Trusts' claims against Castle." In the light of our ruling on the Long Trusts' motion for clarification, we assume the respondent will assign Castle's severed counterclaim a separate cause number and proceed promptly with the recalculation of the prejudgment interest and the entry of judgment thereon. Undue delay in the timely execution of the mandate will be considered a refusal to enforce the mandate correctable by mandamus. *See Lee,* 842 S.W.2d at 648. Any reconsolidation of the severed claims is correctable by prohibition. *Ross,* 698 S.W.2d at 366.

### RELEASE OF SUPERSEDEAS BONDS

■ Castle also seeks mandamus to compel the respondent trial judge to release the supersedeas bonds posted by Castle on appeal. The trial judge denied Castle's motion to release the supersedeas bonds although the judgment against Castle had been reversed on appeal and Castle had therefore prosecuted its appeal "with effect." *See Harris v. Keoun,* 135 S.W.2d 194, 195 (Tex.Civ.App.-Waco 1939, writ ref'd). No liability on the bonds can arise. *See id.* There is, however, no provision in the rules requiring the release Castle requests.

■ As Castle points out, the surety on a bond to secure payment of a reversed judgment is released as a matter of law and is not liable for a judgment rendered upon remand. *Amwest Surety Ins. Co. v. Graham,* 949 S.W.2d 724, 727 (Tex.App.-San Antonio 1997, writ denied); *Blair v. Sanborn,* 82 Tex. 686, 18 S.W. 159, 160 (1892). The respondent did not abuse his discretion by his denial of a motion unnecessary under our case law and not required by rule or statute.

### CONCLUSION

Having concluded that the record does not show that the respondent clearly abused his discretion or that Castle is entitled to prohibition, the relief requested in the petition is *denied.* Our stay of January 31, 2005 is lifted.