IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00005-CV

 

In re
William Carroll Robertson

and
Lester Eugene Robertson

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

            In a prior proceeding, we were asked
to decide certain issues.  We did.  We issued an opinion.  In that opinion we
decided only the specific issues presented to us by the parties
then before us.  We issued a judgment.  Review was sought but denied.  We
issued our mandate.  

            The trial court has now allowed a new
party to intervene in the proceeding in the lower court.  The trial court has
abated the proceeding until more parties are added to the proceeding in the
lower court.  The trial court has stayed the execution of the judgment.

            We are now asked to compel the trial
court to set aside these orders and enforce our mandate.  

Background facts

            William Hix owns property on Hog
Creek, down-stream from property owned by the Robertsons.

            A soil conservation flood-retarding
dam was built on Hix’s property, creating a lake of approximately 100 total surface
acres, 90 of which are above real property, the dirt, owned by Hix and
approximately 10 of which are above real property owned by the Robertsons and
others.

            The Robertsons sought a declaratory
judgment that Hog Creek was navigable at the area where the lake was
constructed.  According to the Robertsons, upon such a determination the lake
waters would be owned by the State for the benefit of the public; and
therefore, the Robertsons, as members of the public, would be entitled to use
the water for recreation or sport. 

            In the prior proceeding, the trial
court so held and we modified the judgment and affirmed the trial court’s
judgment as modified.  Hix v. Robertson, 211 S.W.3d 423 (Tex. App.—Waco
2006, pet. denied).  The Texas Supreme Court denied further review.  Hix v.
Robertson, No. 06-1119, 2007 Tex. LEXIS 1139 (Tex. Dec. 21, 2007) (rh’g denied May 18, 2008).

            Our mandate issued July 25, 2008.

Procedures Since the Mandate

            Since our mandate issued,

            1.         Coryell County moved to intervene.  

            2.         Hix moved to abate the
proceeding.

            3.         Coryell County moved to abate the proceeding.

            4.         Hix moved to stay execution
of the trial court’s judgment.  

            5.         The
trial court determined that the prior judgment was not final and                                   granted
all four motions.

 

            By mandamus, the Robertsons bring four
issues which assert the trial court erred in its determination that the trial
court’s judgment was not final and granting the motions listed above.  They
request that we compel the trial court to comply with this Court’s mandate.

Did The Tenth Court of Appeals Have Jurisdiction?

            What happens if an order/judgment is
truly interlocutory but is appealed?  What happens if no one challenges the
appellate court’s jurisdiction to decide an appeal that is interlocutory?  What
happens if the order/judgment was erroneously intended to be final but the
error is not presented to the court of appeals and that error is, therefore,
not reviewed and decided on appeal?

            This Court proceeded to review the
issues presented in the prior proceeding which did not include an allegation or
issue on the final nature of the trial court judgment.  The question now
presented by this mandamus proceeding is whether the conclusion was correct,
and if it was not correct, then what is the effect on this Court’s judgment?

            In Lehmann v. Har-Con, the
Texas Supreme Court gave the appellate courts a test to use to determine when a
judgment is final for the purposes of appeal.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191 (Tex. 2001).  The opinion discusses two alternate tests for
determining the finality of a judgment.  The first test is that a judgment is
not final unless it actually disposes of every pending claim and party.  Id. at 205.  The second test is that a judgment is not final unless it clearly and
unequivocally states that it finally disposes of all claims and all parties.  Id.  Restated, to meet this second test for finality, there must be some other clear
indication in the judgment that the trial court intended the judgment to
completely dispose of the entire case.  Id.

            The Robertsons argue that the judgment
in this case meets Lehmann’s first test.  We disagree.  The judgment
leaves serious questions about whether claims by one plaintiff, whether claims
against one defendant, and whether at least one counterclaim by another
defendant, were actually resolved by the judgment.

            The judgment does, however, meet the
second test for finality as that test was restated in Lehmann—that there
is a clear indication the trial court intended the judgment to completely dispose
of the entire case.  The portion of the judgment that meets the second test is
as follows:

            IT IS FURTHER ORDERED that the
injunctions herein granted will become effective 30 days after this judgment is
signed unless Defendants perfect an appeal to the Court of Appeals within that
30-day period.  In the event that Defendants perfect an appeal within 30 days
of the date this judgment is signed, the injunction will become effective 30
days after the date the appeal is dismissed, or 30 days after the date the
Court of Appeals renders its judgment, whichever event occurs earlier.  If an
appeal is taken to the Supreme Court of Texas, the injunctions will not go into
effect until 30 days after a mandate is issued, if the Defendants are
unsuccessful in the appeal.

 

Because the trial court provided for
the consequences of an appeal and how that appeal would impact the effective
implementation date of the permanent injunction, it is clear the trial court
intended the judgment to completely dispose of the entire case.  Accordingly,
the order was final, erroneously final because it did not actually dispose of
all the parties and claims, but final for the purposes of appeal; and we
therefore had jurisdiction to decide the issues presented on appeal.  Lehmann,
39 S.W.3d at 200.

Mandamus and the Enforceability
of Our Mandate

            When the trial court clerk
receives the mandate from the appellate court, the appellate court's judgment
must then be enforced.  Tex. R. App. P.
51.1(b).  A district court has no discretion to interpret or review an
appellate court's mandate or judgment.  In re Castle Tex. Prod. Ltd. P'ship,
157 S.W.3d 524, 527 (Tex. App.—Tyler 2005, orig. proceeding); Martin v.
Credit Protection Ass'n, 824 S.W.2d 254, 255 (Tex. App.—Dallas 1992, writ
dism’d woj); Schliemann v. Garcia, 685 S.W.2d 690, 692 (Tex. App.—San
Antonio 1984, orig. proceeding).  A trial court's failure or refusal to comply
with a court of appeals mandate is an abuse of discretion.  Lee v. Downey, 842 S.W.2d 646, 648 (Tex. 1992).  Further, a writ of mandamus will issue to
compel compliance with the mandate of an appellate court.  Schliemann,
685 S.W.2d at 692; accord Wells v. Littlefield, 62 Tex. 28, 31 (1884).

            Instead of enforcing our
judgment when it received our mandate, the trial court, upon Hix’s motion,
stayed the execution of the judgment.  By staying the enforcement of the
judgment, the trial court refused to comply with our mandate.  The trial court
had no discretion to refuse to enforce the mandate of this Court.  

            Accordingly, the petition
for writ of mandamus is granted.  A writ will issue only if the trial court
does not withdraw the portion of its order signed December 9, 2008 that stayed the execution of the trial court’s judgment, as modified and affirmed by the
judgment of this Court, within 30 days from the date of this opinion.[1]

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Petition
granted

Opinion
delivered and filed April 15, 2009

[OT06]









[1] We
need not review the other issues presented to us by this mandamus, so we do not
decide them.  Further, while there was some discussion both in the briefs of
the parties and at oral argument of the meaning and scope of certain terms or
provisions of the trial court’s judgment that was affirmed as modified by our
judgment, we have not been asked and we do not express or imply any
construction, interpretation, or meaning of, including a determination of who
might be bound by, the trial court’s judgment which we affirmed as modified.