

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00005-CV

## IN RE WILLIAM CARROLL ROBERTSON
## AND LESTER EUGENE ROBERTSON

_____

## Original Proceeding

## MEMORANDUM OPINION

In a prior proceeding, we were asked to decide certain issues.  We did.  We issued an opinion.  In that opinion we decided *only* the *specific issues presented* to us by the parties then before us.  We issued a judgment.  Review was sought but denied.  We issued our mandate.

The trial court has now allowed a new party to intervene in the proceeding in the lower court.  The trial court has abated the proceeding until more parties are added to the proceeding in the lower court.  The trial court has stayed the execution of the judgment.

We are now asked to compel the trial court to set aside these orders and enforce our mandate.

*Background facts*

William Hix owns property on Hog Creek, down-stream from property owned by the Robertsons.

A soil conservation flood-retarding dam was built on Hix's property, creating a lake of approximately 100 total surface acres, 90 of which are above real property, the dirt, owned by Hix and approximately 10 of which are above real property owned by the Robertsons and others.

The Robertsons sought a declaratory judgment that Hog Creek was navigable at the area where the lake was constructed. According to the Robertsons, upon such a determination the lake waters would be owned by the State for the benefit of the public; and therefore, the Robertsons, as members of the public, would be entitled to use the water for recreation or sport.

In the prior proceeding, the trial court so held and we modified the judgment and affirmed the trial court's judgment as modified. *Hix v. Robertson*, 211 S.W.3d 423 (Tex. App.—Waco 2006, pet. denied). The Texas Supreme Court denied further review. *Hix v. Robertson*, No. 06-1119, 2007 Tex. LEXIS 1139 (Tex. Dec. 21, 2007) (*rh'g denied* May 18, 2008).

Our mandate issued July 25, 2008.

*Procedures Since the Mandate*

Since our mandate issued,

1.      Coryell County moved to intervene.

2.      Hix moved to abate the proceeding.

3.  Coryell County moved to abate the proceeding.

4.  Hix moved to stay execution of the trial court's judgment.

5.  The trial court determined that the prior judgment was not final and granted all four motions.

By mandamus, the Robertsons bring four issues which assert the trial court erred in its determination that the trial court's judgment was not final and granting the motions listed above. They request that we compel the trial court to comply with this Court's mandate.

### Did The Tenth Court of Appeals Have Jurisdiction?

What happens if an order/judgment is truly interlocutory but is appealed? What happens if no one challenges the appellate court's jurisdiction to decide an appeal that is interlocutory? What happens if the order/judgment was erroneously intended to be final but the error is not presented to the court of appeals and that error is, therefore, not reviewed and decided on appeal?

This Court proceeded to review the issues presented in the prior proceeding which did not include an allegation or issue on the final nature of the trial court judgment. The question now presented by this mandamus proceeding is whether the conclusion was correct, and if it was not correct, then what is the effect on this Court's judgment?

In *Lehmann v. Har-Con*, the Texas Supreme Court gave the appellate courts a test to use to determine when a judgment is final for the purposes of appeal. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191 (Tex. 2001). The opinion discusses two alternate tests for

determining the finality of a judgment. The first test is that a judgment is not final unless it actually disposes of every pending claim and party. *Id*. at 205. The second test is that a judgment is not final unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id*. Restated, to meet this second test for finality, there must be some other clear indication in the judgment that the trial court intended the judgment to completely dispose of the entire case. *Id*.

The Robertsons argue that the judgment in this case meets *Lehmann's* first test. We disagree. The judgment leaves serious questions about whether claims by one plaintiff, whether claims against one defendant, and whether at least one counterclaim by another defendant, were actually resolved by the judgment.

The judgment does, however, meet the second test for finality as that test was restated in *Lehmann*—that there is a clear indication the trial court intended the judgment to completely dispose of the entire case. The portion of the judgment that meets the second test is as follows:

> IT IS FURTHER ORDERED that the injunctions herein granted will become effective 30 days after this judgment is signed unless Defendants perfect an appeal to the Court of Appeals within that 30-day period. In the event that Defendants perfect an appeal within 30 days of the date this judgment is signed, the injunction will become effective 30 days after the date the appeal is dismissed, or 30 days after the date the Court of Appeals renders its judgment, whichever event occurs earlier. If an appeal is taken to the Supreme Court of Texas, the injunctions will not go into effect until 30 days after a mandate is issued, if the Defendants are unsuccessful in the appeal.

Because the trial court provided for the consequences of an appeal and how that appeal would impact the effective implementation date of the permanent injunction, it is clear

the trial court intended the judgment to completely dispose of the entire case. Accordingly, the order was final, erroneously final because it did not actually dispose of all the parties and claims, but final for the purposes of appeal; and we therefore had jurisdiction to decide the issues presented on appeal. *Lehmann*, 39 S.W.3d at 200.

### *Mandamus and the Enforceability of Our Mandate*

When the trial court clerk receives the mandate from the appellate court, the appellate court's judgment must then be enforced. TEX. R. APP. P. 51.1(b). A district court has no discretion to interpret or review an appellate court's mandate or judgment. *In re Castle Tex. Prod. Ltd. P'ship*, 157 S.W.3d 524, 527 (Tex. App.—Tyler 2005, orig. proceeding); *Martin v. Credit Protection Ass'n*, 824 S.W.2d 254, 255 (Tex. App.—Dallas 1992, writ dism'd woj); *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.—San Antonio 1984, orig. proceeding). A trial court's failure or refusal to comply with a court of appeals mandate is an abuse of discretion. *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992). Further, a writ of mandamus will issue to compel compliance with the mandate of an appellate court. *Schliemann*, 685 S.W.2d at 692; *accord Wells v. Littlefield*, 62 Tex. 28, 31 (1884).

Instead of enforcing our judgment when it received our mandate, the trial court, upon Hix's motion, stayed the execution of the judgment. By staying the enforcement of the judgment, the trial court refused to comply with our mandate. The trial court had no discretion to refuse to enforce the mandate of this Court.

Accordingly, the petition for writ of mandamus is granted. A writ will issue only if the trial court does not withdraw the portion of its order signed December 9,

2008 that stayed the execution of the trial court's judgment, as modified and affirmed by the judgment of this Court, within 30 days from the date of this opinion.[1]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petition granted
Opinion delivered and filed April 15, 2009
[OT06]

---

[1] We need not review the other issues presented to us by this mandamus, so we do not decide them. Further, while there was some discussion both in the briefs of the parties and at oral argument of the meaning and scope of certain terms or provisions of the trial court's judgment that was affirmed as modified by our judgment, we have not been asked and we do not express or imply any construction, interpretation, or meaning of, including a determination of who might be bound by, the trial court's judgment which we affirmed as modified.