

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00368-CV

IN RE MATTHEW                                                    RELATOR
JAMES LEACHMAN

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Pro se Relator Matthew James Leachman, an inmate, complains that Respondent, the Honorable W. Bernard Fudge, abused his discretion by granting Real Parties in Interest Kerri Hansford and Rick Thaler's motion for partial dismissal and motion to strike. We conditionally grant Leachman's petition for

---

[1]*See* Tex. R. App. P. 47.4.

writ of mandamus and direct Respondent to vacate his order granting Hansford and Thaler's motion; the writ will issue only if Respondent fails to do so.

## II. Factual and Procedural Background

Hansford and Thaler filed the motion at issue here after this court affirmed the dismissal of all but Doug Dretke from Leachman's pro se civil suit. *See Leachman v. Dretke*, 261 S.W.3d 297, 316 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). We reversed and remanded the dismissal with prejudice of Dretke to the trial court to allow Leachman a reasonable opportunity to amend his pleadings. *See id.* at 303, 305–06. In our analysis of his claim against Dretke, we stated:

> Leachman did not clearly demarcate his claim for injunctive relief against Dretke as separate and apart from his claim for actual damages, although he did make such a distinction with regard to his request for exemplary damages against Adams, Boyle, Johnson, and Oncken. Therefore, from his amended petition, the trial court could have reasonably concluded that Leachman had failed to state a claim with an arguable basis in law because it appeared that he was seeking damages against someone who, in his official capacity, could not be held liable under [42 U.S.C.A] § 1983 [(West 2010)].

> Furthermore, Leachman clearly alleged that Milbern's act of seizing his property was a due process violation, but it is unclear from his amended petition which constitutional rights he alleges that the DRC and Dretke violated, and whether he is attacking the initial deprivation, the policy behind the deprivation, the DRC's review procedure, or the DRC's decision to uphold the deprivation. He merely states that, by "allowing" and "upholding" Milbern's seizure, Dretke, through the DRC, violated Leachman's "rights under the U.S. Constitution and the Constitution of Texas."

> Based on the ambiguities presented by Leachman in his claim against Dretke, we cannot say that the trial court abused its discretion by dismissing his claim for having no arguable basis in

2

law.[] Whether the trial court abused its discretion by dismissing Leachman's claims with prejudice depends on whether Leachman's errors could be remedied. Because Leachman could have amended his pleadings to clarify the ambiguities in his claim against Dretke, dismissal with prejudice was an abuse of discretion. Therefore, we overrule Leachman's third issue, but we sustain the portion of Leachman's first issue regarding the dismissal with prejudice of his claim against Dretke.

*Id.* at 305–06 (citations omitted). In the conclusion of our opinion, we stated,

We reverse the trial court's dismissal with prejudice as to Leachman's claim against Dretke and remand the case to afford Leachman a reasonable opportunity to amend his pleadings as to that claim only. Having overruled the remainder of Leachman's four points, we affirm the rest of the trial court's judgment.

*Id*. at 316.

This court's mandate issued on September 18, 2008. In our mandate, we stated, in pertinent part,

This court has again considered the record on appeal in this case and holds that there was error in part of the trial court's judgment. It is ordered that the judgment of the trial court is affirmed in part and reversed and remanded in part. We affirm that portion of the trial court's judgment as to Leachman's claims against Glenda J. Adams, Joseph C. Boyle, Deborah A. Johnson, and Denise Oncken. We reverse that portion of the trial court's judgment with regard to the dismissal with prejudice of Leachman's claims against Doug Dretke and remand the case to provide Leachman with a reasonable opportunity to amend his pleadings as to that claim only.

Upon remand, Thaler and Hansford filed their motion, arguing that Leachman had filed amended pleadings substituting Thaler in his official capacity as the new Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) for Dretke, the old director, and adding Hansford in her individual and official capacities, as TDCJ-CID's Allred Unit's mail room

3

supervisor. They moved to dismiss all of the claims against Hansford, arguing that Relator was trying to expand his suit beyond our mandate by adding Hansford as a new party and also by adding new claims. They asked Respondent to dismiss Hansford and to strike Leachman's new claim alleging the unconstitutionality of the TDCJ policy BP-0.391, which prevents Leachman from contacting his victims.

In his response to the motion, Leachman argued that there was "absolutely no basis under Texas law for partial dismissal or for striking," strenuously disagreeing with Hansford and Thaler's characterization of our mandate and pointing out that it should be read within the context of the entire opinion. Leachman stated,

> The Court of Appeals was emphasizing that all other defendants and claims were dismissed; it was not saying the case was forever limited to claims against the Director . . . by recognizing the validity of the claim, holding that its dismissal was improper, and remanding it to this Court, the Court of Appeals simply returned the claim to its prior status and allowed Plaintiff to proceed with it.

Respondent issued a letter in which he concluded that our mandate was clear and unambiguous and that Leachman violated our mandate by filing an amendment naming Hansford as a new party and by adding a new claim. Respondent issued an order incorporating this information on the same day, stating, in pertinent part:

> It is hereby ORDERED, ADJUDGED and DECREED that said Motions be, and they are hereby GRANTED, and Plaintiff's cause of action against Defendant, Kerri L. Hansford, is DISMISSED, and the Court further ORDERS that all claims by Plaintiff alleging the

4

unconstitutionality of [BP-0.391] and Section 38.111 of the TEXAS PENAL CODE are DISMISSED, all costs of court are assessed against Plaintiff.

### III. Discussion

Leachman argues in his petition for writ of mandamus that Respondent read our mandate too narrowly and complains that "it was plainly inappropriate to dismiss claims against Hansford[] or strike claims against Thaler, based on the mandate, and mandamus is the proper remedy when the trial court ignores the mandate." The Attorney General's office responded on behalf of Thaler and Hansford and contends that Respondent did not err in his interpretation of our mandate.

Generally, mandamus relief is appropriate only when there has been a clear abuse of discretion by the trial court and there is no adequate remedy on appeal. *In re State*, No. 10-0235, 2011 WL 3796616, at *2 (Tex. Aug. 26, 2011) (orig. proceeding). However, a writ of mandamus "will issue to compel compliance with the mandate of the Court of Appeals." *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.—San Antonio 1984, orig. proceeding).

We have previously stated that when an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot relitigate issues controverted at the former trial and that its authority is limited to only those issues specified in the mandate. *Denton Cnty. v. Tarrant Cnty.*, 139 S.W.3d 22, 23 (Tex. App.—Fort Worth 2004, pet. denied). However, "[i]n interpreting the mandate of an appellate court, *the trial*

5

*court looks not only to the mandate itself but also to the appellate court's opinion*," and the trial court is given a reasonable amount of discretion in complying with the mandate. *Id.* (emphasis added). A trial court's failure to comply with a court of appeals mandate is an abuse of discretion, and mandamus will issue to ensure compliance with the court's judgment. *See Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding).

Here, in our opinion in *Leachman*, we stated that we sustained the portion of Leachman's first issue regarding the dismissal with prejudice of his claim against Dretke and in the conclusion of the opinion, we stated that we reversed the dismissal with prejudice "as to that claim only"; however, the opinion provided the context of the parties sued by Leachman and the claims that Leachman had brought. *See Leachman*, 261 S.W.3d at 306, 316; *cf. Madeksho v. Abraham, Watkins, Nichols, & Friend*, 112 S.W.3d 679, 690–91 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g) (stating that while in a perfect world appellate mandates would settle all questions and end all disputes, when they do not, trial judges must do the best they can to interpret the mandate and to follow it).

Leachman's suit is a civil suit. Under rule of civil procedure 63, parties may amend their pleadings "as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party," as long as the

6

amendments occur prior to seven days before the date of trial.[2]  Tex. R. Civ. P. 63; *see City of Dallas v. Turley*, 316 S.W.3d 762, 771 n.6 (Tex. App.—Dallas 2010, pet. denied) (stating that because the appellate court was remanding the cause to the trial court to reconsider claims not addressed in the plea to the jurisdiction, the landowners would have the opportunity to seek to join additional parties or amend their pleadings as the rules may allow, citing rules of civil procedure 39–41, 63).  And under rule of civil procedure 37, additional parties may be brought as long as it does not unreasonably delay the trial of the case.  *See* Tex. R. Civ. P. 37; *see also* Tex. R. Civ. P. 39–40.  Misjoinder of parties is not a ground for dismissal of an action.  *See* Tex. R. Civ. P. 41.

Because, within the context of the opinion, this court's mandate did not expressly preclude Leachman from including additional claims or parties in the suit under the rules of civil procedure, we conclude that Respondent abused his discretion by granting Hansford and Thaler's motion.  *See Reynolds v. Murphy*, 266 S.W.3d 141, 143 (Tex. App.—Fort Worth 2008, pet. denied) (stating that this court's opinion and mandate in the prior appeal did not preclude appellant from freely amending his pleadings under rule of civil procedure 63); *see also Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, No. 14-09-01055-CV, 2011 WL 505334, at *3–4 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011, pet. filed) (concluding that on remand, Simulis was entitled to amend its pleadings to add new claims or parties

---

[2]There is no indication that a trial date has been set in Leachman's case.

except as to the claim upon which summary judgment was rendered in General Electric's favor when the opinion and mandate made clear that more than one claim was considered).

## IV. Conclusion

Because we may issue mandamus to enforce compliance by the trial court with our mandate, we conditionally grant Leachman's petition for writ of mandamus and direct Respondent to vacate his order granting Hansford and Thaler's motion; the writ will issue only if Respondent fails to do so. *See* Tex. R. App. P. 51.1; *Lee,* 842 S.W.2d at 648; *In re Castle Tex. Prod. Ltd. P'ship*, 157 S.W.3d 524, 527 (Tex. App.—Tyler 2005, orig. proceeding); *see also Schliemann*, 685 S.W.2d at 692.


BOB MCCOY
JUSTICE


PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  November 10, 2011