

# IN THE
# TENTH COURT OF APPEALS

––––––––––––

## No. 10-11-00258-CV

**WILLIAM CARROLL ROBERTSON, LESTER EUGENE ROBERTSON, AND DONALD ADAMS,**

**Appellants**

**v.**

**W.T. HIX, WILLIAM J. HIX, AND R. COKE MILLS,**

**Appellees**

––––––––––––

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 24,970**

––––––––––––

**And**

## No. 10-11-00285-CV

**IN RE WILLIAM CARROLL ROBERTSON AND**
**LESTER EUGENE ROBERTSON**

––––––––––––

**Original Proceeding**

––––––––––––

# OPINION

––––––––––––

William Carroll Robertson and Lester Eugene Robertson filed a petition for a writ

of mandamus and an appeal of a judgment dismissing the cause of action for lack of

subject matter jurisdiction. The Robertsons complain that the trial court erred by granting a petition in intervention filed by Coryell County, by granting motions filed by Coryell County and Hix to abate a prior judgment, and ultimately dismissing the cause in its entirety. Because we find that the trial court erred, we reverse the judgments of the trial court and render judgment that the prior judgment of March 28, 2005, modified as set forth below, is in full force and effect. Because of our resolution of the direct appeal, the petition for writ of mandamus is denied.

This is the third proceeding before this Court relating to these parties. Because of this we will set forth the lengthy procedural history in some detail. This cause was first presented to this Court by direct appeal of a judgment entered from a motion for summary judgment in which this Court modified the trial court's judgment but otherwise affirmed. *See Hix v. Robertson*, 211 S.W.3d 423 (Tex. App.—Waco 2006, pet. denied) (hereinafter referred to as the "direct appeal"). After the Texas Supreme Court declined review, our mandate was issued on June 16, 2008.

### *From the Mandate to the First Mandamus*

On July 10, 2008, Coryell County filed a petition seeking to intervene in the litigation, a plea in abatement, and an answer. Then, on August 14, 2008, Hix filed a motion to stay the execution of the "interlocutory judgment" and an amended motion to abate. The trial court granted each of these motions by an order entered on December 9, 2008. These proceedings were conducted by the Hon. Sue Lykes, a

different visiting judge than the visiting judge who had rendered the initial judgment, the Hon. Jack Miller. Each of the pleadings filed by Coryell County and Hix appear to be presuming that the March 2005 judgment of the trial court was not a final judgment.

Hix did not raise the issue of the finality of the trial court's judgment until it was an issue in his petition for review in the direct appeal with the Texas Supreme Court that was later denied. After the issuance of our mandate in the direct appeal in 2008, Hix raised the issue of finality of the judgment to the trial court in the subsequent proceedings conducted in the trial court before Judge Lykes, arguing that the March 2005 judgment entered by Judge Miller was not final for purposes of appeal and therefore, the opinion and judgment entered by this Court in the direct appeal were improperly entered as this Court lacked jurisdiction to hear an appeal of an interlocutory order. Judge Lykes agreed with Hix and found that the March 2005 judgment was not a final judgment in its December 9, 2008 order.

Robertson then filed a petition for writ of mandamus with this Court seeking reversal of the trial court's order of December 9, 2008, which we granted in part and ordered that the trial court withdraw the portion of an order which stayed the execution of the judgment, and the trial court withdrew only the stay of execution of the judgment. *See In re Robertson*, No. 10-09-00005-CV, 2009 Tex. App. LEXIS 2641 (Tex. App.—Waco Apr. 15, 2009, orig. proceeding) (hereinafter referred to as "*Robertson I*"). In our opinion in that mandamus proceeding, this Court directly addressed and

resolved the issue of finality by determining that the March 2005 judgment of the trial court was final for purposes of appeal. *See In re Robertson*, 2009 Tex. App. LEXIS 2641 at *4-5. Coryell County filed a petition for writ of mandamus with the Texas Supreme Court from the judgment of this Court in *Robertson I*, which was denied without an opinion. *In re Coryell County*, No. 09-0370, 2009 Tex. LEXIS 1098 (Tex., Dec. 11, 2009, orig. proceeding).

We note that in his arguments to this Court in the original appeal, Hix did not challenge the judgment as being interlocutory and not final because the judgment purported to include all parties and causes of action, some of which had not been included in the motion for summary judgment. *See* Tex. R. App. P. 38.1(f). However, it is the duty of this Court to independently determine whether we have jurisdiction over an appeal, even if no party contests jurisdiction. *M. O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). The fact that this Court did not address our jurisdiction in the direct appeal does not mean that we did not independently make that determination. However, because the issue was specifically raised in *Robertson I*, we directly addressed the issue of finality because our expressed determination that the judgment was a final judgment should have been dispositive of the other issues presented in the mandamus.

Further, since the March 2005 judgment was a final judgment, Hix's failure to complain in the direct appeal that the judgment erroneously included causes of action

that were not included in the motion for summary judgment or that necessary parties were not joined waived those complaints. The March 2005 judgment was final for all purposes and disposed of all parties and claims and our mandate modifying and affirming that judgment removed the trial court's ability to decide otherwise.

As we stated in *Robertson I*,

A district court has no discretion to interpret or review an appellate court's mandate or judgment. *In re Castle Tex. Prod. Ltd. P'ship*, 157 S.W.3d 524, 527 (Tex. App.—Tyler 2005, orig. proceeding); *Martin v. Credit Protection Ass'n*, 824 S.W.2d 254, 255 (Tex. App.—Dallas 1992, writ dism'd w.o.j.); *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.—San Antonio 1984, orig. proceeding). A trial court's failure or refusal to comply with a court of appeals mandate is an abuse of discretion. *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992). Further, a writ of mandamus will issue to compel compliance with the mandate of an appellate court. *Schliemann*, 685 S.W.2d at 692; *accord Wells v. Littlefield*, 62 Tex. 28, 31 (1884).

Therefore, it was an abuse of discretion for Judge Lykes to even hear the post-judgment motions after the issuance of this Court's mandate from the original appeal. Because the March 2005 judgment was final, the subsequent granting of the intervention by Coryell County and the other proceedings and rulings were improper and also constituted an abuse of discretion.

While the Texas Rules of Civil Procedure do not impose a deadline for intervention, the general rule is that a party may not intervene after final judgment unless the judgment is set aside. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008); *In re Lumbermens Mut. Cas. Ins. Co.*, 184 S.W.3d 718, 725 (Tex. 2006). Coryell County's petition in intervention in this case was filed in July of 2008, approximately

one month after our mandate issued from the direct appeal. As such, the petition in intervention was untimely because the judgment had not been set aside. *See Ledbetter*, 251 S.W.3d at 36. Upon the issuance of this Court's mandate, the March 2005 judgment was then final for all purposes, and there was no live controversy into which the County could intervene. The trial court abused its discretion by granting the County's intervention, and subsequently the County's motion to abate was not properly before the trial court. The trial court abused its discretion in granting the County's motion to abate the proceedings.

Hix's motion to abate contended that the March 2005 judgment was not final for purposes of appeal and sought an abatement of the proceedings for the joinder of other necessary parties in the declaratory judgment action. However, as stated above, the trial court does not have the discretion to review and disregard the mandate of this Court. To the extent there could have been any question, we expressly resolved the issue of the finality of the judgment in *Robertson I*. Judge Lykes had no discretion to refuse to honor the mandate of this Court and her determination that the March 2005 judgment was not final and therefore that this Court's opinion and mandates had been issued without subject matter jurisdiction constituted an abuse of discretion. Additionally, there was nothing to abate because the litigation had concluded and there were no live pleadings to abate.

*After the First Mandamus*

After our judgment and opinion in *Robertson I*, on April 13, 2011, Coryell County filed a "Motion to Establish Date for Joinder of Real Parties in Interest; Dismissal for Failure to Join Parties or Dismissal for Lack of Subject Matter Jurisdiction." On April 27, 2011, Judge Lykes conducted a hearing on that motion and ordered the Robertsons to add additional parties, which the Robertsons did not do. Then, on June 10, 2011, Judge Lykes entered the following order:

> The Court **FINDS** that this Court does not have subject matter jurisdiction to finally resolve this case.
>
> The Court **ORDERS** that this case is hereby in all things **DISMISSED** and that this dismissal shall be the final order of the court in this cause.
>
> This dismissal is without prejudice to the parties refilling (sic) in a Court with subject matter jurisdiction and jurisdiction over all necessary parties.

(emphasis in original). Robertson timely filed a notice of appeal of this judgment to this Court and filed a second petition for a writ of mandamus.

Because the original judgment was final, the trial court erred by granting the motion to dismiss as well. The dismissal order purported to dismiss the entire proceeding, including the proceedings involved in the direct appeal from the March 2005 judgment which we have determined were not pending before the trial court. Since we have determined that the trial court abused its discretion in granting Coryell County's plea in intervention because there was no live controversy, this order was also

erroneous. Coryell County's arguments before the trial court and before this Court rest entirely upon the concept that the March 2005 judgment is interlocutory and not final. However, once our mandate issued in *Robertson I*, to whatever degree the finality of the judgment could have been questioned, the issue regarding the March 2005 judgment was resolved and became final with the issuance of this Court's mandate and the trial court erred by determining otherwise. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993). We sustain issue one. Because of our resolution of this issue it is unnecessary for us to address issue two.

*Conclusion*

We reverse the order entitled "Judge's Ruling on the Following Motions" signed by the trial court on December 9, 2008 and render judgment that the petition in intervention, plea in abatement, and motion to abate are dismissed. The judgment of the trial court dismissing this cause in its entirety is reversed and judgment is rendered that the judgment of March 28, 2005 as modified by this Court's judgment of November 29, 2006 is in full force and effect and enforceable only as to the parties to the original judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (West 2008). The trial court should not make any further orders in this cause unless necessary to enforce that judgment. The petition for writ of mandamus is denied.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and rendered;
Petition denied
Opinion delivered and filed March 21, 2012
[CV06]